THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JERRY KAVINSKY, Defendant-Appellant.

Second District   No. 80-5

Opinion filed July 16, 1981.

Mary Robinson and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Jerry Kavinsky, was convicted of armed violence (Ill. Rev. Stat. 1977, ch. 38, par. 33A—2), forcible detention (Ill. Rev. Stat. 1977, ch. 38, par. 10—4) and attempt escape (Ill. Rev. Stat. 1977, ch. 38, par. 8—4.) He was thereafter sentenced to imprisonment for concurrent terms of 15, 7 and 5 years for the respective offenses. Defendant appeals, contending that (1) the armed violence statute is unconstitutional; (2) the indictment charging forcible detention does not adequately state that offense; and (3) that his convictions and sentences for forcible detention and attempt escape must be vacated as they are included within the offense of armed violence for which he was also convicted.

Defendant also seeks review of claims of error that the prosecutor made an improper prejudicial argument to the jury and that the trial court unduly restricted defendant's cross-examination of certain State witnesses. Defendant filed a post-trial motion in arrest of judgment in which he alleged infirmities in the indictment charging forcible detention and armed violence and in an amended post-trial motion for a new trial he further assigned as error the entry of judgments of conviction and sentence for armed violence and forcible detention. He failed, however, to include in his post-trial motions the errors now urged relating to argument and cross-examination and these contentions will be deemed waived on review and will be considered only to the extent necessary to determine if they constitute plain error under Supreme Court Rule 615(a).

The record discloses that defendant, who was then aged 16 years, was in custody in the Du Page County Youth Home on May 1, 1978. At about 6 p.m. Eric Johnson, an employee of the home, released defendant and Don Cagle, who was also in custody, from their rooms to permit them to select reading materials from the bookroom. At the bookroom defendant grabbed Johnson about the neck and held a knife against his side. Defendant instructed him to turn over the keys, stating he "was getting out of there," and Johnson did so. Cagle tried the keys on an outside door and when it would not open he tied Johnson's hands and the three headed towards the control center of the Youth Home. In route Cagle unsuccessfully tried the keys on two security doors and defendant stated to a third resident of the home, "Come on, we're getting out of here." Defendant continued to hold the knife at Johnson's side and they proceeded to the nearby control center where they stood outside the door. Barbara Batchelor, an employee working in the control center, unlocked it so they could enter and once inside defendant held up the knife so that Batchelor could see it telling her he was serious and they were getting out of there.

Robert Farra and Scott Watkins, also employees of the Youth Home, then came into the control center and defendant was disarmed and returned to custody.

In support of his contention the armed violence statute is unconstitutional defendant refers only to a decision of the circuit court of Jackson County in *People v. Haron* (Nos. 78-CF-162, 79-CF-102 (Cir. Ct., Jackson County, May 1, 1980), which held it to be unconstitutional on a number of grounds. The State appealed that case directly to the Supreme Court and it decided *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, while this case was here under advisement. The supreme court determined that the armed violence statute was not unconstitutionally vague and overbroad, but did not reach other claims of constitutional infirmity asserted in that case. The court did conclude that the General Assembly did not intend that the presence of a weapon may serve to both enhance an offense from a misdemeanor to felony and also serve as the basis for a charge of armed violence. Insofar as it was considered by our supreme court, the decision of the trial court in *Haron*, relied upon by defendant herein, was thus upheld only to the extent it dismissed the armed violence charge against that defendant where it was so based upon a predicate misdemeanor whereby a battery was enhanced by the presence of a weapon to aggravated battery and also to armed violence.

■■ In the present case, however, defendant was charged with the predicate Class 2 felonies of attempt escape and forcible detention. His use of a dangerous weapon in carrying out these offenses was the basis alleged to support the armed violence charge and did not here serve to enhance any offense from a misdemeanor to a felony. Defendant has not sought in his arguments in this court to relate the issues of the cases before the circuit court in *Haron* to those presented here but has simply attached to his brief a copy of the trial judge's order in that case in which it found the statute to be unconstitutional. As a general rule a defendant may not avoid his prosecution because a similar prosecution of other persons under the same statute might violate their constitutional rights. (*People v. Garrison* (1980), 82 Ill. 2d 444, 449, 412 N.E.2d 483, 486.) As defendant had not presented arguments as to how the circuit court decision relied upon is applicable to this case, we will not consider further the general constitutional issues mentioned by the trial court in *Haron* to which we have been referred.

We next consider whether the indictment sufficiently alleged the offense of forcible detention. Section 10—4(a) of the Criminal Code of 1967 (Ill. Rev. Stat. 1977, ch. 38, par. 10—4(a)) provides:

"(a) A person commits the offense of forcible detention when he holds an individual hostage without lawful authority *for the*

*purpose of obtaining performance by a third person of demands made by the person holding the hostage,* and

(1) the person holding the hostage is armed with a dangerous weapon as defined in Section 33A—1 of this Code, or

(2) the hostage is known to the person holding him to be a peace officer or a correctional employee engaged in the performance of his official duties." (Emphasis added.)

Count IV of the indictment in this case charged:

"JERRY KAVINSKY committed the offense of FORCIBLE DE-TENTION in that he without lawful authority, held Eric Johnson hostage *for the purpose of obtaining his release from the DuPage County Youth Home,* knowing said Eric Johnson to be a correctional employee engaged in the performance of his official duties * * *." (Emphasis added.)

And in count V the offense was alleged as follows:

"JERRY KAVINSKY committed the offense of FORCIBLE DE-TENTION in that he while armed with a dangerous weapon and without lawful authority held Eric Johnson hostage *for the purpose of obtaining his release from the DuPage County Youth Home* * * *." (Emphasis added.)

Defendant contends that to adequately charge the offense of forcible detention it must be alleged that a hostage was taken to secure performance of some act by a third person and the indictment does not here so provide. The State contends that the statute does not require that one charged under its terms have in fact made a demand for performance of any act by a third person and suggests the statutory requirements are met by the allegation that a hostage was held "for the purpose of obtaining his release." It argues that the term hostage is definitive and fully incorporates the proposition that the victim was held by defendant for the purpose of obtaining performance of demands made on a third person and, therefore, that element of the offense was implicitly included in the charges.

Black's Law Dictionary (5th ed. 1979) defines the term hostage as "an innocent person held captive by one who threatens to kill or harm him if his demands are not met." Webster's New Collegiate Dictionary (1979), defines a hostage as "a person held by one party in a conflict as a pledge that promises will be kept or terms met by the other party."

The term hostage is not defined in our Criminal Code nor has its meaning been considered by the reviewing courts of Illinois. The State's argument is indirectly supported by three cases from other jurisdictions: *State v. Crump* (1971), 82 N.M. 487, 493, 484 P.2d 329, 335, *State v. Lee* (1977), 33 N.C. App. 162, 165, 234 S.E.2d 482, 484, and *State v. Littlefield*

(Me. 1978), 389 A.2d 16, 21.) In *Crump* defendant's conviction for kidnapping was reversed after the jury was instructed that the term hostage "means a person was held in unlawful custody for the purpose of obtaining the performance of demands made by the person holding him." This definition was considered by that reviewing court as too broad as it embraced not only demands made by defendant on a third person, but also demands made directly on the victim, which was not an element of that State's kidnapping statute. The court did consider, however, that the term hostage implied that a hostage is held as security for the performance, or forebearance, of an act by a third person. Accord, *Lee*; *Littlefield*.

■■ The standard for review of the sufficiency of a charging instrument which has first been objected to in the trial court is "whether the document sets forth the nature and elements of the offense charged in accordance with section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(a)(3))." (*People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171; *People v. Hayes* (1979), 75 Ill. App. 3d 822, 824, 394 N.E.2d 80, 82.) Where an element of the offense intended to be charged is not set forth in an indictment it fails to state an offense and it is void and subject to an arrest of judgment. *People v. Abrams* (1971), 48 Ill. 2d 446, 271 N.E.2d 37; *People v. Johnson* (1979), 69 Ill. App. 3d 248, 387 N.E.2d 388.

The forcible detention statute specifically provides that to commit that offense a defendant must hold a hostage for the purpose of obtaining performance by a third person of defendant's demands and it is a necessary element of the offense. Had the indictment charged the offense in the language of the statute it would have necessarily informed defendant of the precise offense of which he was charged and must defend against. (See *People v. Patrick* (1967), 38 Ill. 2d 255, 258, 230 N.E.2d 843.) A charge must state "specifically the elements of the offense with sufficient particularity to apprise the accused of the crime charged and to enable him to prepare his defense and permit a conviction or acquittal to be pleaded in bar of a subsequent prosecution for the same offense, * * *." *People v. Grieco* (1970), 44 Ill. 2d 407, 409, 255 N.E.2d 897, 898-99, *cert. denied* (1970), 400 U.S. 825, 27 L. Ed. 2d 54, 91 S. Ct. 49, citing 42 C.J.S. *Indictments & Informations* §100, at 978-81 (1944).

■■ The indictment in the present case charges only that defendant held a hostage for the purpose of obtaining his release from custody and fails to allege he either intended or did seek to influence the conduct of a third party by this means. In our view the omission of this element may not be supplied by presumption or necessary implication, as urged by the State, and we conclude the indictment is fatally defective insofar as it sought to

charge the offense of forcible detention. We conclude that the trial court erred in denying defendant's motion in arrest of judgment directed to this offense and its determination must be reversed.

The State agrees in its brief that defendant's convictions of forcible detention and attempt escape are each lesser included offenses of the armed violence offense for which he was also convicted and sentenced. We have reversed the forcible detention conviction and now vacate the conviction and sentence for attempt escape. As the armed violence charge in this case was based upon these lesser offenses and the same physical conduct, the underlying convictions cannot stand. *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273; *People v. Julian* (1980), 89 Ill. App. 3d 60, 411 N.E.2d 337.

Finally, we consider the claims of error waived by defendant to determine whether they constitute plain error under Supreme Court Rule 615(a). After review of the record we conclude defendant was not prejudiced by improper argument on the part of the State, nor did the trial court unduly restrict cross-examination of the State's witnesses.

In referring to a diagram of the Youth Home admitted in evidence the assistant State's Attorney drew the attention of the jury to the relationship of the outside doors of the building to the control center which defendant had reached in his aborted attempt to escape and argued defendant had taken a substantial step in doing so. Defendant's contention the State improperly advised the jury to speculate how close defendant came to escaping is without merit. The diagram was in evidence, and the State was entitled to draw reasonable inferences from it. It did so here. See *People v. Singletary* (1979), 73 Ill. App. 3d 239, 247-48, 391 N.E.2d 440, 446; McCormick, Evidence §213, at 528 (1972).

Defendant also contends the trial court erred in limiting the scope of his cross-examination of Youth Home employees, Robert Farra and Eric Johnson. Objections to inquiry of these witnesses' impressions of defendant as a person, his difficulties in adjusting to confinement and whether he had a drug problem were sustained, and the defendant argues he was thus prevented from showing he did not intend to escape but acted only to call attention to a need for help.

■■■ Relevancy is established if the offered evidence tends to make a proposition at issue more or less probable. (*People v. Yuknis* (1979), 79 Ill. App. 3d 243, 398 N.E.2d 258, 262.) The trial court may reject evidence on the grounds of relevancy if it is of little probative value because of its remoteness, uncertainty or conjectural nature. (*People v. Gardner* (1977), 47 Ill. App. 3d 529, 537, 362 N.E.2d 14, 20.) Here defendant announced his intent to escape and urged others confined in the Youth Home to join him. Evidence he found it difficult to adjust to confinement would lend

support to the State's case but would not excuse defendant's conduct. He, of course, was not barred from offering evidence of the circumstances of his conduct and his intent, but he did not choose to do so. We conclude the trial court did not err in limiting cross-examination of these witnesses.

Accordingly, defendant's conviction for armed violence will be affirmed, the conviction for forcible detention will be reversed, and the conviction for attempt escape vacated.

Affirmed in part; reversed in part; vacated in part.

SEIDENFELD, P. J., and LINDBERG, J., concur.