THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY DEL PERCIO, Defendant-Appellant.

Second District   No. 82—147

Opinion filed October 5, 1983.

NASH, J., dissenting.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Anthony Del Percio, was tried by jury and convicted of armed violence predicated upon attempt (armed robbery) (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2), attempt (armed robbery) (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a)), conspiracy to commit armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 8—2(a)) and unlawful use of weapons (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(7)). The trial court vacated attempt (armed robbery) as a lesser included offense of armed violence and sentenced defendant to eight years' imprisonment for armed violence and to two three-year concurrent terms for conspiracy

and unlawful use of weapons. Defendant appeals, contending that his conviction for armed violence, predicated upon attempt (armed robbery), was impermissibly double enhanced, that he was improperly convicted of conspiracy to commit armed robbery when he was also convicted of attempt (armed robbery) and armed violence, that the trial court erred in not enforcing a plea agreement offered defendant, and that his eight-year sentence for armed violence was excessive and constituted an abuse of discretion. We affirm the trial court.

On February 25, 1981, defendant and Larry Gatena, codefendant, discussed ways to make some money and considered robbing Enrique Ortiz, a jewelry salesman. On February 26, they decided to undertake the robbery and obtained a stocking, gloves, hat, shotgun and shells, tape and a car before going to Ortiz' apartment. They considered breaking into the unoccupied flat to get Ortiz' jewelry case, but could not get inside; so they waited for their victim to come home and go inside. After he had done so, defendants went and knocked at the door. Ortiz, cautious because of the valuable jewelry in his apartment, picked up his loaded .357 magnum handgun and held it behind his back before opening the door. Gatena told Ortiz he had run into the latter's car; at that point defendant appeared, pointing the loaded shotgun at Ortiz' face and told him to "freeze." Ortiz, however, pulled his handgun and began to fire. Defendants ran and Del Percio was hit in his right leg, hip, and in the fingers of both hands when gunfire struck the shotgun he was holding. Gatena then halted his escape and returned for the fallen Del Percio. Gatena threw rocks at Ortiz who tried to fire again, but whose gun was empty. Ortiz then ran back into the apartment to reload his pistol. Gatena helped defendant to the car, put him in the trunk and took him to a hospital. The car was recovered at the hospital and a shotgun shell, tape, a glove with holes, a hat and numerous bloodstains were found therein.

Codefendant accepted a plea bargain, pled guilty to one count attempt (armed robbery), and was sentenced to eight years' imprisonment in exchange for his cooperation and testimony.

On June 10, 1981, the State had tendered essentially the same plea agreement to defendant. On June 11, at a pretrial conference, defendant contended he had accepted the arrangement and that he was entitled to the bargain. The State agreed it had made such an offer, but claimed the defendant never indicated acceptance; moreover, once codefendant Gatena had accepted the offer, it was no longer available to Del Percio. Defense counsel stated, "I intended to file additional motions addressing that and that is all I have to say." However, no such motions were filed and the plea offer was not raised or

argued during any other pretrial proceeding or at trial.

The trial at which defendant was eventually found guilty of the stated offenses began on November 19, 1981. On December 23, 1981, a hearing was held on defendant's post-trial motion. The court vacated attempt (armed robbery) as a lesser included offense of armed violence but refused to vacate defendant's conviction for conspiracy, stating it did not merge into armed violence as it was premised upon different elements. Defendant was thereafter sentenced and timely appealed to this court.

■ Defendant now contends the trial court erred in convicting him of conspiracy to commit armed robbery when he was convicted of attempt (armed robbery) and armed violence predicated upon attempt (armed robbery). He asserts that the conspiracy charge merges into the greater offenses.

The State contends his issue has been waived because defendant only argued at the trial court that if the "overt act" element of his conspiracy charge and the "substantial step" element alleged in his *attempt* charge were identical, both could not stand. However, it must be remembered that the attempt count was vacated below as a lesser included offense of defendant's armed violence conviction. Defendant did not raise, nor include within his post-trial motion, the propriety of his conspiracy conviction in light of his conviction for *armed violence*. Objection on appeal cannot be urged on a basis other than that raised below. (*People v. Kinion* (1982), 105 Ill. App. 3d 1069, 1076, *cert. denied* (1983), 460 U.S. 1014, 75 L. Ed. 2d 484, 103 S. Ct. 1256; *City of Chicago v. Ross* (1977), 54 Ill. App. 3d 127, 132; see *People v. Gordon* (1980), 82 Ill. App. 3d 906.) Therefore, the issue was waived.

■ Even if we assume, for purposes of satisfying the plain error doctrine, that the merits of this conspiracy issue were before the court, we find defendant's position unconvincing. Under section 8—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 8—5), defendant asserts that he cannot be convicted of both conspiracy to commit armed robbery and attempt (armed robbery). Section 8—5 reads: "No person shall be convicted of both the inchoate and the principal offense." What defendant misconstrues about this provision is that the statute does not apply where the defendant was not convicted of the "principal offense." The inchoate crime of conspiracy to commit armed robbery is based upon the principal offense of armed robbery; yet defendant was never charged with, nor convicted of, armed robbery. Section 8—5 simply does not apply in the context of a conviction for conspiracy to commit armed robbery and *attempt* (armed robbery), since the latter is not the "principal offense" of the

former.

■■ ■ Defendant next contends that under the holding of *People v. Haron* (1981), 85 Ill. 2d 261, his conviction for armed violence based upon attempt (armed robbery) must be vacated on grounds of double enhancement. Defendant's reliance on *People v. Haron* is misplaced. It is correct that in *People v. Lucien* (1982), 109 Ill. App. 3d 412, which cited the *Haron* case among others, this court vacated a conviction for armed violence on the grounds of double enhancement where the predicate felony was couched in terms of armed robbery. However, the *Lucien* opinion was devoid of any analysis or explanation of how or why the court reached its conclusion. Furthermore, simultaneously with the *Lucien* decision, the first district of this court filed its opinion in *People v. Goodman* (1982), 109 Ill. App. 3d 203. In *Goodman*, as in the instant case, the armed violence conviction was predicated upon the offense of attempt (armed robbery). The *Goodman* court found such conviction was consistent with *Haron* because attempt (armed robbery) committed without a weapon remains a felony; consequently, there was no impermissible double enhancement in violation of *Haron*. *People v. Goodman* (1982), 109 Ill. App. 3d 203, 209-10.

Subsequently, in *People v. Viens* (1982), 109 Ill. App. 3d 1017, this district of the appellate court, contrary to its position taken in *People v. Lucien*, held that conviction of armed violence based upon the predicate offense of aggravated kidnaping did not constitute prohibited double enhancement under the rule announced in *Haron*.

We find the holdings in *Viens* and *People v. Goodman* dispositive of this issue. The supreme court in *Haron* did not address any constitutional contentions of the defendant regarding double enhancement. (*People v. Haron* (1981), 85 Ill. 2d 261, 279.) We likewise do not have reason to consider any such constitutional issues since none were raised by the defendant. In *Haron*, the supreme court's holding was limited to a conclusion that the general assembly, in adopting the armed violence statute, did not intend that the presence of a weapon would enhance an offense from a misdemeanor to a felony and also serve as a basis for a charge of armed violence. "These provisions are clearly not applicable to an act which, if committed while unarmed, would be a misdemeanor." (85 Ill. 2d 261, 278.) In the present case, the act which gave rise to the predicate felony of attempt (armed robbery) would have constituted a felony, attempt (robbery), even if committed without a weapon. Thus, since defendant's armed violence conviction originated from a felony offense, not a simple misdemeanor, it is within the intended scope of the armed violence statute and is not

barred by the limited double enhancement prohibition of *Haron.*

■■ Defendant also alleges the trial court erred in finding he was not entitled to the plea agreement offered him by the State. He argues that based on the alleged agreement he has a right to have all convictions vacated and the cause remanded for a guilty plea to the sole charge of attempt (armed robbery).

Upon examination of the record, the court made no such finding. Further, defendant's counsel abandoned the issue by stating he would file motions pertaining to it, but failed to do so. No such issue was raised in defendant's post-trial motion nor at any other time during trial, and it is therefore waived. *People v. Lucas* (1981), 88 Ill. 2d 245, 250; *People v. Precup* (1978), 73 Ill. 2d 7, 16.

■■ Defendant finally contends that his sentence of eight years for armed violence was excessive and an abuse of discretion. A Class X felony such as armed violence permits a sentence range of six to 30 years. The trial court has wide discretion in sentencing and was in a superior position to determine what was proper; we may not substitute our judgment merely because the factors to be considered might have been balanced differently. *People v. La Pointe* (1981), 88 Ill. 2d 482, 493-94; *People v. Cox* (1980), 82 Ill. 2d 268, 280.

In sentencing the defendant, the trial court considered of record: the evidence presented, the presentence report, such aggravating factors as defendant's threatening use of a sawed-off shotgun, and mitigating factors such as defendant's lack of criminal record and good employment history. The court did not consider defendant's pending charges. The trial judge stated, "I was considering a lesser sentence of six years, but after I thought about it, I can't see that much distinction between [defendant's culpability as compared to that of his co-defendant who was sentenced to 8 years imprisonment]." The trial court acted properly within its discretion and appropriately sentenced defendant within the permissible range. We find no error.

Accordingly, the judgment of the circuit court of Du Page County is affirmed.

SEIDENFELD, P.J., concurs.

JUSTICE NASH, dissenting:

I respectfully dissent from that portion of the opinion holding that armed violence may be properly predicated upon the offense of attempt armed robbery.

In *People v. Haron* (1981), 85 Ill. 2d 261, 278, 422 N.E.2d 627, our supreme court determined that the act of using a dangerous

weapon could not be applied to both raise the misdemeanor offense of battery to felony aggravated battery and then again cause enhancement of the penalty for defendant's conduct to armed violence. The court noted that the armed violence statute required that there be "the commission of a predicate offense which is a felony without enhancement by the presence of a weapon." This language has been given two different interpretations in the appellate court: that the predicate offense may be any felony which has not been first raised from a misdemeanor by the presence of a weapon (*People v. Viens* (1982), 109 Ill. App. 3d 1017, 1026-27, 441 N.E.2d 660, *appeal denied* (1983), 93 Ill. 2d 578; *cert. denied* (1983), 461 U.S. ___, 77 L. Ed. 2d 287, 103 S. Ct. 1900; *People v. Goodman* (1982), 109 Ill. App. 3d 203, 209-10, 440 N.E.2d 345), and that the predicate offense, additionally, may not have been raised from a lesser felony to a greater felony, also by reason of the presence of the weapon (*People v. Lucien* (1982), 109 Ill. App. 3d 412, 419, 440 N.E.2d 899, *appeal denied* (1982), 93 Ill. 2d 570; *cert. denied* (1983), 459 U.S. 1219, 75 L. Ed. 2d 459, 103 S. Ct. 1223.

In *People v. Viens* the court concluded that the armed violence statute did not provide for an enhanced penalty for commission of a felony while armed with a dangerous weapon but, rather, established a new substantive offense, thus avoiding double enhancement of penalty. However, in *People v. Donaldson* (1982), 91 Ill. 2d 164, 168, 435 N.E.2d 477, our supreme court found that armed violence was not a separate substantive offense but provides for enhancement of the penalty for felonious conduct while armed. See also *People v. Wisslead* (1983), 94 Ill. 2d 190, 193, 446 N.E.2d 512.

In *People v. Haron* the court referred, *inter alia*, to *Simpson v. United States* (1978), 435 U.S. 6, 15-16, 55 L. Ed. 2d 70, 78-79, 98 S. Ct. 909, 914-15, and *Busic v. United States* (1980), 446 U.S. 398, 404, 64 L. Ed. 2d 381, 388, 100 S. Ct. 1747, 1752. In *Simpson* defendants were convicted of bank robbery, aggravated by use of weapons. The United States Supreme Court determined defendants could not be convicted and sentenced under title 18, section 924(c) of the United States Code (18 U.S.C. sec. 924(c) (1976)), a sentence-enhancing provision similar to the Illinois armed violence statute, as that would constituted double enhancement of penalty. In *Busic* the United States Supreme Court again held that prosecution and enhanced sentencing under section 924(c), rather than as provided for the predicate felony, was "not permissible where the predicate felony statute contains its own enhancement provision." See *State v. Workman* (1978), 90 Wash. 2d 443, 584 P.2d 382 (sentence enhancement statute may not be ap-

546

plied to attempt robbery while armed), also noted in *People v. Haron* (1981), 85 Ill. 2d 261, 275, 422 N.E.2d 627.

As applied in this case, the presence of the weapon served first to enhance the offense of attempt robbery (Class 3) to attempt armed robbery (Class 1); it again served to enhance the penalty for defendant's conduct to that provided under the armed violence statute (Class X). This constitutes, in my view, a double enhancement of penalty which was not intended by the legislature as recognized by the court in *Haron*. I see no logical distinction in the facts of this case which would permit a different rule.

This question would be avoided had the State chosen to predicate the armed violence charge upon attempt robbery rather than attempt armed robbery; then double enhancement of penalty would not occur and the *Haron* standard would be met.