(No. 59303.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ANTHONY DEL PERCIO, Appellant.

*Opinion filed February 22, 1985.*

RYAN, J., dissenting.

Daniel D. Yuhas, Deputy Defender, and Janet Sinder, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert and James E. Fitzgerald, Assistant Attorneys General, of Chicago, of counsel), for the People.

CHIEF JUSTICE CLARK delivered the opinion of the court:

The defendant, Anthony Del Percio, was charged with a seven-count indictment as follows: count I, home invasion (Ill. Rev. Stat. 1979, ch. 38, par. 12—11(a)(1)); count II, attempted armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a)); count III, conspiracy (armed robbery) (Ill. Rev. Stat. 1979, ch. 38, par. 8—2(a)); count IV, unlawful use of weapons (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(7)); count V, unlawful use of weapons (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(7)); count VI, armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2) predicated on home invasion; and count VII, armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2) predicated on attempted armed robbery.

The State failed to allege that the defendant entered the victim's home without authority, a necessary and material element of home invasion. Therefore, count I, home invasion, was dismissed. Since count VI, armed violence, was based on count I, it too was dismissed.

A jury in the circuit court of Du Page County found the defendant guilty of armed violence predicated upon attempted armed robbery, count VII; attempted armed robbery, count II; conspiracy to commit armed robbery, count III; and unlawful use of weapons, count IV. The trial court vacated the judgment as to count II, attempted armed robbery as a lesser included offense of

armed violence predicated on attempted armed robbery. The defendant was sentenced to serve concurrent terms of eight years' imprisonment for armed violence, three years' imprisonment for conspiracy, and three years' imprisonment for unlawful use of weapons. On appeal, the appellate court affirmed the circuit court. (118 Ill. App. 3d 539.) The defendant then petitioned this court for leave to appeal, and we granted the defendant's petition.

There was a codefendant in this case, Larry Gatena. Although Del Percio went to trial, Gatena accepted a plea bargain and pleaded guilty to one count of attempted armed robbery. Gatena was sentenced to eight years' imprisonment.

The evidence at trial showed that Del Percio and Gatena discussed robbing Enrique Ortiz, a jewelry salesman. Del Percio and Gatena took steps to carry out the robbery. They obtained gloves, hats, stockings, tape, a shotgun, and a car to use in the robbery. On February 26, 1981, the two went to Ortiz' apartment. Unbeknown to Del Percio and Gatena, Ortiz was in the apartment when they arrived. They first attempted to break into the apartment but were unsuccessful. The two then went to the back of the apartment building to discuss the situation. During their discussion, the defendant told Gatena that they should abandon their plan. However, they decided to wait until Ortiz arrived. Once he arrived home, they planned to knock on the door and gain entry in this manner. After a time, Ortiz' wife arrived home. A few minutes after Mrs. Ortiz arrived home, Gatena knocked on the door to the Ortiz' apartment. Because there was valuable jewelry in the apartment, Mr. Ortiz answered the door with a gun concealed behind his back. When the door opened, Del Percio pointed the shotgun at Ortiz. Ortiz opened fire and shot Del Percio. Del Percio and Gatena ran as Ortiz continued to fire his gun. Eventually Del Percio and Gatena reached the car and fled the

scene. Gatena took Del Percio to a nearby hospital, where the two were later apprehended.

The defendant raises two issues in this appeal. The first is whether an armed-violence charge can be predicated on an attempted-armed-robbery charge. The second is whether his conviction for conspiracy to commit armed robbery can stand since he was also convicted of armed violence predicated on attempted armed robbery and whether his conspiracy conviction can stand, since he alleges the same act was charged as the act in furtherance of the conspiracy and as the substantial step in the armed-violence charge.

The defendant relies on *People v. Haron* (1981), 85 Ill. 2d 261, for his contention that his conviction for armed violence based upon attempted armed robbery must be vacated on the grounds of double enhancement. In *Haron*, battery (a misdemeanor) was enhanced to the felony of aggravated battery based on the use of a deadly weapon. The aggravated-battery charge was then used as the predicate felony for the armed-violence charge. We held that the presence of a weapon could not serve to enhance an offense from a misdemeanor to a felony and then serve as the predicate offense for a charge of armed violence. 85 Ill. 2d 261, 278.

Section 33A—2 of the Criminal Code of 1961 provides: "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law." Ill. Rev. Stat. 1979, ch. 38, par. 33A—2.

In *Haron*, we stated:

"In our opinion the requirement of section 33A—2 that there be the commission of a felony while armed with a dangerous weapon contemplates the commission of a predicate offense which is a felony without enhancement by the presence of a weapon." *People v. Haron* (1981), 85 Ill. 2d 261, 278.

The language in *Haron* has been given two interpretations in the appellate court. One group of cases holds that *Haron* does not apply when the predicate offense was enhanced from a lesser felony to a greater felony, rather than from a misdemeanor to a felony, because of the presence of a weapon. See *People v. Cartalino* (1982), 111 Ill. App. 3d 578 (attempted armed robbery can serve as the predicate offense for armed violence); *People v. Viens* (1982), 109 Ill. App. 3d 1017 (aggravated kidnaping with a deadly weapon can serve as the predicate offense for armed violence); *People v. Goodman* (1982), 109 Ill. App. 3d 203 (attempted armed robbery can serve as the predicate offense for armed violence); *People v. Kavinsky* (1981), 98 Ill. App. 3d 579 (attempted escape and forcible detention with a deadly weapon can serve as the predicate offenses for armed violence).

Another appellate court case holds that *Haron* applies when the predicate offense was enhanced from a lesser felony to a greater felony because of the presence of a weapon. See *People v. Lucien* (1982), 109 Ill. App. 3d 412 (armed robbery and intimidation by threatening physical harm to cause the writing of a check cannot serve as predicate offenses for a charge of armed violence).

We believe that *Haron* applies whenever a predicate felony is doubly enhanced because of the presence of a weapon.

In *People v. Wisslead* (1983), 94 Ill. 2d 190, we interpreted the armed-violence statute and our holding in *Haron* and held that unlawful restraint could serve as the predicate felony for an armed-violence charge because "[t]he presence of a weapon is not an element of the felony offense of unlawful restraint ***." (94 Ill. 2d 190, 193.) Here, the presence of a weapon was an element of the felony offense, attempted armed robbery.

In this case, had the defendant not used a weapon, he could have been charged with attempted robbery, a Class 3 felony. However, the presence of the shotgun served to enhance the offense to attempted armed robbery, a Class 1 felony. The shotgun then served to enhance the offense a second time to armed violence with the use of a category I weapon, a Class X felony. We find this to be double enhancement and improper because "the requirement of section 33A—2 that there be the commission of a felony while armed with a dangerous weapon contemplates the commission of a predicate offense which is a felony without enhancement by the presence of a weapon." (*People v. Haron* (1981), 85 Ill. 2d 261, 278.) Therefore, we hold that attempted armed robbery cannot serve as the predicate felony for a charge of armed violence.

Consequently, we reverse the defendant's conviction for armed violence predicated on attempted armed robbery and remand the cause to the trial court for sentencing on the attempted-armed-robbery conviction. Since we have reversed the defendant's armed-violence conviction we need not address the defendant's other contention on this issue, that a charge of armed violence cannot be based on the predicate offense of attempted armed robbery since it would allow the offense of attempted armed robbery to be punished as severely as armed robbery.

Hence, to the extent that our holding in this case conflicts with the holdings in *People v. Cartalino* (1982), 111 Ill. App. 3d 578, *People v. Viens* (1982), 109 Ill. App. 3d 1017, *People v. Goodman* (1982), 109 Ill. App. 3d 203, *People v. Kavinsky* (1981), 98 Ill. App. 3d 579, and any other case dealing with this issue, they are incorrect and are not to be followed.

We now address the defendant's second issue. The defendant alleges that his conviction for conspiracy to commit armed robbery cannot stand because he has also been convicted of armed violence based on attempted

armed robbery and because the same act, the act of pointing the shotgun at Ortiz, was charged as the act in furtherance of the conspiracy count and the substantial step in this armed-violence count.

The State contends that the defendant waived this issue. The appellate court properly noted that the defendant's only argument at the trial court level regarding this issue concerned the defendant's allegation that the same act was alleged as the act in furtherance of the conspiracy and the substantial step in the attempted-armed-robbery charge. In the trial court, the defendant did not raise the issue of whether his conspiracy conviction could stand in light of the fact that his attempted-armed-robbery conviction was vacated as a lesser included offense of the armed-violence conviction.

In support of the State's argument that this issue was waived, the State quoted the appellate court's opinion, which set forth the reasons why it believed this issue was waived:

> "[D]efendant only argued at the trial court that if the 'overt act' element of his conspiracy charge and the 'substantial step' element alleged in his *attempt* charge were identical, both could not stand. However, it must be remembered that the attempt count was vacated below as a lesser included offense of the defendant's armed violence conviction. Defendant did not raise, nor include within his post-trial motion, the propriety of his conspiracy conviction in light of his conviction for *armed violence*." 118 Ill. App. 3d 539, 542.

The only argument presented to the appellate court on this issue was that the defendant was improperly convicted of conspiracy to commit armed robbery, when he was also convicted of armed violence based on attempted armed robbery. The defendant failed to present this argument to the circuit court. Therefore, the appellate court held that this issue was waived. However, in so

holding, the appellate court went on to discuss the merits of the defendant's argument and found them to be unconvincing.

In the defendant's appeal to this court, he has raised this issue once again. In this appeal, however, he has included two arguments. The first argument is the argument which the defendant presented to the appellate court and not the circuit court, namely, that his conspiracy conviction cannot stand because he was convicted of armed violence based upon attempted armed robbery. The second argument is the one which the defendant presented to the circuit court and not to the appellate court, that his conspiracy conviction cannot stand because one act was charged as the act in furtherance of the conspiracy count and as the substantial step in the armed-violence count.

"This court has repeatedly held that issues not raised at trial or in post-trial motions are waived." (*People v. Lykins* (1979), 77 Ill. 2d 35, 38.) Therefore, like the appellate court, we hold that the defendant has waived this issue with respect to his argument that his conspiracy conviction cannot stand since he was also convicted of armed violence based on attempted armed robbery. We also hold that since the defendant failed to argue in the appellate court that one act served as the act in furtherance of the conspiracy count and the substantial step in the armed-violence count which was based on attempted armed robbery he has waived this argument as well. *Clore v. Fredman* (1974), 59 Ill. 2d 20, 28.

The defendant's reply brief states that his conspiracy conviction is improper and therefore plain error. The defendant urges this court to consider the issue under our Rule 615(a) (87 Ill. 2d R. 615(a)). We do not believe the defendant's conspiracy conviction is improper. However, we will assume *arguendo* that this issue is before us and discuss the merits of the defendant's position.

As noted earlier, the defendant asserts that he cannot be convicted of attempted armed robbery and conspiracy to commit armed robbery. The defendant cites section 8—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 8—5) as support for his contention. The defendant's reliance on this section is misplaced.

Section 8—5 provides: "No person shall be convicted of both the inchoate and the principal offense." (Ill. Rev. Stat. 1979, ch. 38, par. 8—5.) The defendant's brief states that "[s]ection 8—5 should be interpreted to mean *** that a defendant cannot be convicted both of conspiracy to commit an offense and attempt to commit the same offense." The defendant goes on to argue that the same reasoning which prohibits convictions for both the completed offense and conspiracy also prohibits convictions for both attempt and conspiracy.

In this case, the defendant was charged with conspiracy to commit armed robbery. Consequently, under section 8—5, the defendant could not be convicted of both conspiracy, the inchoate offense, and armed robbery, the principal offense. In the present case, however, the defendant was not charged with the principal offense, armed robbery. Rather, he was charged with the inchoate offense of attempted armed robbery. Therefore, section 8—5 is inapplicable to the defendant's case.

The defendant's other argument on this issue is that his conspiracy conviction must be vacated because the same act was alleged as the act in furtherance of the conspiracy and the substantial step in the armed-violence count which was based on the attempted-armed-robbery count. The defendant argues:

> "Here, convictions for conspiracy and attempt were completed only when the defendant performed one physical act: pointing a shotgun at Enrique Ortiz. By doing this Mr. Del Percio performed both the act in furtherance of the agreement constituting conspiracy and the substantial

step required for an attempt conviction. Therefore, one physical act was used to support two convictions."

Section 8—2(a) of the Criminal Code of 1961 defines conspiracy as follows:

"A person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit an offense unless an act in furtherance of such agreement is alleged and proved to have been committed by him or by a co-conspirator." Ill. Rev. Stat. 1979, ch. 38, par. 8—2(a).

Section 8—4(a) of the Criminal Code of 1961 defines attempt as follows:

"A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a).

The conspiracy charge against the defendant read as follows:

"ANTHONY DEL PERCIO committed the offense of CONSPIRACY (ARMED ROBBERY) in that said defendant with the intent that the offense of Armed Robbery in violation of Illinois Revised Statutes, Chapter 38, Section 18—2 be committed, agreed with Larry A. Gatena, to the commission of that offense and *performed an act in furtherance of that agreement in that said defendant procured a shotgun and tape and knocked on the door of Apartment A of Enrique Ortiz located at 67 E. Blecke, Addison, Du Page County, Illinois and pointed the shotgun at Enrique Ortiz* \* \* \*." (Emphasis added.)

The armed-violence charge against the defendant read as follows:

"ANTHONY DEL PERCIO committed the offense of ARMED VIOLENCE in that said defendant while armed with a Category I dangerous weapon, a sawed off shotgun, committed the offense of Attempt (Armed Robbery) in that said defendant with the intent to commit the offense of Armed Robbery in violation of Illinois Revised

Statutes Chapter 28 [*sic*], Section 18—2, *took a substantial step toward the commission of that offense in that said defendant, while armed with a dangerous weapon, a gun, and in the presence of Enrique Ortiz threatened the imminent use of force in that he knocked on the door of Apartment A of Enrique Ortiz, at 67 E. Blecke, Addison, Du Page County, Illinois, and pointed said shotgun at Enrique Ortiz* \*\*\*." (Emphasis added.)

"[C]onspiracy requires an agreement to commit a specific crime and an overt act in furtherance of the agreement." (*People v. Stroner* (1983), 96 Ill. 2d 204, 209.) Here, the State alleged and proved several overt acts that furthered the defendant's agreement with Gatena to commit armed robbery. The State alleged and proved that a shotgun and tape were procured and that the defendant knocked on Ortiz' door. The State also alleged and proved that the defendant pointed the shotgun at Ortiz.

On the other hand, attempt requires an intent to commit a specific offense and then the performance of any act which constitutes a substantial step toward the commission of that offense. (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a).) Here, the State alleged and proved that the defendant had the intent to commit armed robbery and that he took a substantial step toward commission of the armed robbery. The State alleged and proved that the defendant, while armed with a dangerous weapon, threatened Ortiz with the imminent use of force and knocked at Ortiz' door and that the defendant pointed the shotgun at Ortiz.

We do not agree with the defendant that the conspiracy and the attempt were completed only when the defendant performed the act of pointing a shotgun at Ortiz. Each of the defendant's convictions had a different factual basis. The acts in furtherance of the conspiracy were procuring the shotgun and tape and knocking

on the door, while the substantial step was the threat of the imminent use of force and pointing the shotgun at Ortiz. We would therefore conclude that the defendant's conspiracy conviction was proper. See *People v. Stroner* (1983), 96 Ill. 2d. 204.

For the reasons set forth above, we reverse the appellate court and the circuit court regarding the defendant's conviction for armed violence and remand for resentencing for attempted armed robbery. The judgments of the appellate and circuit courts are otherwise affirmed.

> *Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part; cause remanded, with directions.*

JUSTICE RYAN, dissenting:

I dissent from the holding of the majority opinion that the defendant cannot be convicted of armed violence in this case.

As noted in the opinion, section 33A—2 of the Criminal Code of 1961 provides:

> "A person commits armed violence when, while armed with a dangerous weapon, he commits *any felony defined by Illinois Law*." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2.)

I believe that the statute means, and was intended by the legislature to mean, just what it says; that is, that a person commits armed violence if he commits *any felony defined by Illinois law* while armed with a dangerous weapon.

Because of our holding in *People v. Haron* (1981), 85 Ill. 2d 261, the term "double enhancement" seems to have become a part of our vocabulary for discussing the crime of armed violence. I have no quarrel with the holding in *Haron* because, in that case, the underlying or

predicate offense upon which the crime of armed violence was based (aggravated battery) would not have been a felony absent the use of a weapon. This court noted in that opinion that the aggravated-battery charge could have been based on section 12—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a)), which does not involve the use of a weapon. However, the aggravated-battery count against Haron charged that he, in committing the offense, used a deadly weapon which, under section 12—4(b)(1), constituted aggravated battery. Thus the enhancement of the misdemeanor offense battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—3) to the felony of aggravated battery was based on the use of a deadly weapon. We held that the use of the same weapon could not also be the basis for the charge of armed violence.

The term double enhancement is not appropriately used in referring to offenses under our statute except in the very limited sense as used in *Haron*. Our armed-violence statute is not a penalty-enhancement statute, but creates an offense separate and distinct from the underlying felony. This court, in *Haron*, recognized the distinction between penalty-enhancement statutes and statutes which create separate and distinct offenses, as our statute does. In *Haron*, the court discussed *Busic v. United States* (1980), 446 U.S. 398, 64 L. Ed. 2d 381, 100 S. Ct. 1747, *In re Shull* (1944), 23 Cal. 2d 745, 146 P.2d 417, and *State v. Workman* (1978), 90 Wash. 2d 443, 584 P.2d 382. These cases involved penalty-enhancement statutes and prohibited double enhancement of the penalty for the use of a weapon when the predicate offense involved the use of a weapon. In *Haron*, this court also quoted at length from *Wayne County Prosecutor v. Recorder's Court Judge* (1979), 406 Mich. 374, 280 N.W.2d 793, which held that the Michigan statute was not a penalty-enhancement statute but created a separate offense for

the carrying of a weapon during the commission of a felony. The Michigan court stated:

> "The Legislature has clearly expressed its judgment that carrying a firearm during any felony which may, but need not necessarily, involve the carrying of a firearm, entails a distinct social harm *** which deserves separate treatment. In order to deter the use of guns, the Legislature has chosen to create a separate crime." 406 Mich. 374, 391, 280 N.W.2d 793, 796.

Our armed-violence statute likewise clearly creates a separate and distinct offense in section 33A—2 and provides for a separate and distinct penalty for that offense in section 33A—3. (Ill. Rev. Stat. 1979, ch. 38, pars. 33A—2, 33A—3.) These sections do not provide for an enhancement of the penalty provided for another offense, nor do these sections provide that the penalty for armed violence shall be served consecutively with the penalty for another offense. It is a separate offense with a separate penalty.

In *People v. Donaldson* (1982), 91 Ill. 2d 164, 169, this court noted that the Michigan court in *Wayne County Prosecutor* held that the Michigan statute not only creates a separate crime but also provides that the sentence must be imposed in addition to the sentence for the underlying felony. Thus, under the Michigan statute, a defendant may be convicted and sentenced for both a predicate felony and also convicted and sentenced under the felony firearm statute. In *Donaldson* this court held that, under the Illinois statute, a defendant could not be sentenced for both the predicate felony and for armed violence, but sentence could be imposed only for the most serious offense (armed violence). Sentence could not in addition be imposed for the conviction of the predicate felony.

Our appellate court, in *People v. Viens* (1982), 109 Ill. App. 3d 1017, in my opinion, properly construed our

armed-violence statute. In that case the defendant was charged with aggravated kidnaping with a deadly weapon and he was also charged with armed violence. The court declined to follow *Haron*, noting that in the case it was considering the use of a weapon did not serve to enhance the underlying offense from a misdemeanor to a felony as had been the case in *Haron*. At most, the court stated, the use of the weapon only served to establish a more serious predicate felony (aggravated kidnaping) than would otherwise have been proved (kidnaping). In *Viens*, the court also distinguished our statute from penalty-enhancement statutes and pointed out that the statute in this State creates a separate crime with its own penalty. The court, in *Viens*, followed *Donaldson* and permitted the sentence to stand for armed violence, but vacated the conviction for the predicate felony, aggravated kidnaping.

In our case, as in *Viens*, the underlying offense was not enhanced from a misdemeanor to a felony by the use of a weapon. The underlying felony was attempted armed robbery. The defendant had attempted to commit a robbery while armed with a shotgun. This would constitute a Class 1 felony. If the defendant had not been armed, the attempted robbery would have constituted a Class 3 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 8—4; Ill. Rev. Stat. 1979, ch. 38, pars. 18—1, 18—2.) Since this felony was committed while armed with a dangerous weapon, defendant's conduct also constituted armed violence. If the weapon is a category 1 weapon, as it was in this case, the offense is a Class X felony. The defendant's conduct, under our statutes, constitutes two separate offenses, one of which, attempted armed robbery, is a Class 1 felony, and the other offense, armed violence while armed with a category 1 weapon, constitutes a Class X felony. Thus two alternatives are provided which may be available for plea-bargaining purposes, or for

lenity considerations. See *Busic v. United States* (1980), 446 U.S. 398, 416, 64 L. Ed. 2d 381, 395, 100 S. Ct. 1747, 1758 (Stewart, J., dissenting).

There is just no reason for not following the clear language of the statute, which states that a person commits armed violence when, while armed with a dangerous weapon, "he commits *any felony defined by Illinois law.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2.) The statute does not say "any felony defined by Illinois law except those in which a dangerous weapon is used." There is no constitutional impediment to giving effect to the plain language of the statute. Why then should this court read into this statute a limitation which is contrary to its plain language. If the legislature intended that armed violence could not be based upon a predicate felony committed while the defendant was armed, it could easily have so provided. The legislature knows how to provide for exceptions in a criminal statute. In defining the sentence for attempt, it excepted an attempt to commit the offense defined in section 33A—2 (armed violence). (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(c).) It did not make a similar exception as to the application of the armed-violence statute. Instead, the statute states that a person commits armed violence when, while armed with a dangerous weapon, he commits *any felony defined by Illinois law.*

I would hold that in this case attempted armed robbery can serve as a predicate felony for armed violence. As in *Donaldson* and *Viens,* I would vacate the conviction for the predicate felony and affirm the conviction and sentence for the more serious offense, armed violence. That is what both the trial court and the appellate court did in this case. I would therefore affirm both the circuit court of Du Page County and the appellate court.