THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRED S. ARNETT, Defendant-Appellant.

Fourth District   No. 4—85—0186

Opinion filed December 30, 1985.

WEBBER, J., specially concurring.

Daniel D. Yuhas and Judith N. Kirby, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On October 22, 1984, defendant, Fred S. Arnett, was charged with attempt (residential burglary) (Ill. Rev. Stat. 1983, ch. 38, par. 8—4(a)) and conspiracy to commit residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 8—2(a)) by information in the circuit court of Champaign County. After a jury trial, defendant was convicted of both offenses on February 15, 1985. The defendant was sentenced on March 18, 1985, to concurrent terms of imprisonment for three years on the conspiracy charge and seven years on the attempt charge. The defendant has appealed both convictions, contending, first, that the

prosecutor improperly defined reasonable doubt to the jury in her closing argument and second, that the convictions were improperly based upon the same act as the act taken in furtherance of the conspiracy and the substantial step taken in the attempt are the same. We hold that the first issue has been waived and, as to the second, we conclude that both convictions cannot stand. We vacate the conspiracy conviction and sentence.

During the prosecutor's closing argument, she made the following comments:

"You have got to find that the defendant is guilty beyond a reasonable doubt. Nowhere in these instructions are you going to see beyond any doubt, or beyond most incredible doubt, or beyond a slight doubt."

As the State points out, no objection was made to these comments at that time by defense counsel nor was the issue raised in defendant's post-trial motion.

■ The general rule followed in Illinois is that, absent plain error, the failure of a defendant to raise an issue at trial or in his written motion for a new trial constitutes a waiver of that issue and it cannot then be urged as a grounds for reversal on review. *People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

While it is improper for counsel to attempt to define reasonable doubt for the jury (*People v. Cagle* (1969), 41 Ill. 2d 528, 244 N.E.2d 200), clearly no plain error occurred here. The prosecutor's argument was not couched in terms of definition and any possible impropriety was slight and could easily have been cured if an objection had been made. The issue was waived.

■ We now turn to defendant's contention that both convictions cannot stand. Multiple convictions for closely related conduct are prohibited when the convictions are (1) "carved from the same physical act," or (2) such that one is for an included offense of the other. (*People v. King* (1977), 66 Ill. 2d 551, 566, 566, 363 N.E.2d 838, 844, 845.) Defendant's brief focuses more on the single act nature of the offense. We conclude that, as charged, the attempt offense was an included offense of the conspiracy.

Count I of the charge, the attempt count, stated that with the intent to commit the offense of residential burglary, defendant and others "performed a substantial step toward the commission of that offense, in that without authority, they knowingly *pried on the sliding glass door and attempted to twist the door knobs off of a door to the dwelling place of Charles B. Craver* \*\*\*, with the intent to enter that

dwelling place and commit therein a theft." (Emphasis added.) Count II, the conspiracy charge, stated defendant and others "with the intent that the offense of residential burglary, *** be committed, *agreed* with each other to the commission of that offense and performed an act in furtherance of that agreement in that they attempted to enter the *dwelling place of Charles B. Craver* ***, *by prying on a sliding glass door and attempting to pry the door knob off of a door* in that dwelling place." (Emphasis added.)

The Criminal Code of 1961 defines conspiracy as follows:

"A person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit an offense unless an act in furtherance of such agreement is alleged and proved to have been committed by him or by a co-conspirator." Ill. Rev. Stat. 1983, ch. 38, par. 8—2(a).

The Criminal Code of 1961 defines attempt in the following way:

"A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." Ill. Rev. Stat. 1983, ch. 38, par. 8—4(a).

Section 2—9 of the Criminal Code of 1961 defines the elements of the included offense doctrine as follows:

" 'Included offense' means an offense which

(a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ill. Rev. Stat. 1983, ch. 38, par. 2—9.)

In determining whether an offense is an included offense of another, we may look either to the statutory definition of each offense or, as here, to the offenses as charged. *People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633; *People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189.

As charged here, every element of the attempt offense, namely, the taking of a substantial step toward the commission of residential burglary by prying on the door, etc., with the intent to commit that offense, was also charged as an element of the conspiracy offense. That charge also included allegations of an agreement. Accordingly, by definition, the attempt offense was pleaded as an included offense of conspiracy. And under *King*, only one conviction and sentence can stand.

■ The difficulty with defendant's theory that both offenses are "carved from the same physical act" is that the conspiracy offense in-

volves the commission of the act of reaching an agreement to commit the residential burglary while this act was not a part of the attempt offense. The common act which constituted the act in furtherance of the conspiracy and the substantial step of the conspiracy was the culminating act of both offenses, but we are aware of no case which hold that offenses are "carved" from the same act if they have a common final act. The *King* opinion did not touch directly on this point but did say that "when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." *People v. King* (1977), 66 Ill. 2d 551, 566, 361 N.E.2d 838, 845.

The principal issue in *King* was whether an accused could be convicted and sentenced for both a burglary with intent to commit rape and the rape which was actually committed upon entry. The supreme court concluded that he could and, in so deciding, the court sought to clarify the previously confusing case law on the question of multiple convictions and multiple sentences arising from closely related conduct. The court noted that in the case of *People v. Stewart* (1970), 45 Ill. 2d 310, 259 N.E.2d 24, and including such cases as *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819, and *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601, the court had determined whether separate convictions and sentences were proper based upon whether the motivation of the accused had changed during the transaction. The court concluded that during that period the court had "shifted its focus from the defendant's acts to his criminal objective at the time the acts were committed." (*People v. King* (1977), 66 Ill. 2d 551, 562, 363 N.E.2d 838, 843.) In *Prim*, a defendant was convicted of attempted armed robbery and murder by accountability where a codefendant had attempted to grab a woman's purse during a holdup and then shot the woman when she resisted. The court described the two offenses as arising "from the same conduct" and concluded that only a single conviction and sentence could be imposed. The case of *Stewart* was cited.

The *King* court expressly rejected the motivation test of *Stewart, Williams*, and *Prim* as being the proper standard for determining whether multiple convictions and multiple concurrent sentences could be imposed. (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844.) The separate acts held to give rise to a single offense in *Prim* were almost simultaneous, while the formation of the agreement here was neither charged or proved to be closely related in time to the conduct giving rise to the attempt. Accordingly, we choose not

to base our determination that the separate convictions cannot stand upon a theory that they were "carved" from the same act.

The State emphasizes that in *People v. Del Percio* (1985), 105 Ill. 2d 372, 475 N.E.2d 528, the supreme court upheld convictions for both attempt to commit armed robbery and a conspiracy to do so. There the focus was on the question of whether the substantial step involved in the attempt and the act in furtherance of the conspiracy involved the same act. However, there the charges set forth slightly different acts for those two elements. Thus, not only were different acts involved but neither offense was charged in such a way as to make one an included offense of the other.

■ Having determined that the attempt was an included offense of the conspiracy and that only one conviction and one sentence may be imposed, we are faced with the question of which conviction and the sentence thereon can stand. The situation is unusual because the attempt offense which is deemed to be the included offense is a Class 2 felony (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4(c), 19—3), while the inclusive offense of conspiracy is only a Class 4 felony (Ill. Rev. Stat. 1983, ch. 38, par. 8—2(c)). However, we know of no rule of law that necessarily requires the conviction for the offense containing more elements to be the conviction that stands.

Nothing in the manner in which the jury was instructed nor in the return of the two verdicts of guilty indicates that the jury intended to exercise any lenity toward defendant. If that had been intended, the jury would have returned a guilty verdict as to only one offense. Rather, the verdicts indicate that the jury found that all of the elements of both offenses had been proved beyond a reasonable doubt. Defendant has a right to have one conviction set aside. He has no right to pick the one. Logic requires that the conviction for attempt stand because, under the circumstances here, it is deemed to be the more serious offense even though the offense consists of less elements.

Accordingly, the conviction and sentence for attempt are affirmed. The conviction and sentence for conspiracy are vacated.

Affirmed in part, vacated in part.

McCULLOUGH, P.J., concurs.

JUSTICE WEBBER, specially concurring:
I agree with my colleagues that the issue of improper argument by the prosecutor was waived. I also agree that the defendant should

be sentenced only on the attempt (residential burglary) conviction. However, I arrive at that conclusion by a totally different route.

The significant thing to me is that we have two inchoate offenses, both of which came to fruition by the same physical act, *i.e.*, the prying of the glass door and of the knob on that door. There is no indication in the record that the principal offense, residential burglary, was ever accomplished. If it had, obviously the inchoate offenses would become merged, and under section 8—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 8—5) the defendant could not be convicted of both. Thus, I cannot agree that we do not have two offenses "carved" from the same physical act. We do have two such offenses. The conspiracy and the attempt both were perfected by the prying.

*King* makes a sharp distinction between offenses carved from the same physical act and offenses carved from multiple acts where such offenses are by definition included offenses. In the instant case, neither conspiracy nor attempt had been committed until the act of prying had taken place. Thus the first prong of the *King* test applies: "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act." *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844.

This being the case, the long-standing rule of *People v. Prim* (1972), 53 Ill. 2d 62, 78, 289 N.E.2d 601, 611, *cert. denied* (1973), 412 U.S. 918, 37 L. Ed. 2d 144, 93 S. Ct. 2731, applies:

> "[A]s to the two crimes *** attempted armed robbery and murder, these both arose from the same conduct and therefore but a single sentence should have been imposed; that being for the more serious offense, murder."

I do not believe that *King* attempted to alter the rule of *Prim*. *King* was primarily concerned with a series of closely related acts in the context of included offenses.

It therefore follows that the effort of the majority to cast the instant case into one of included offenses is unwarranted and forces them into the untenable position of reading into *King* something which is not there: that in the case of included offenses sentence may be imposed on the included offense when that sentence is more severe than that which might be imposed on the inclusive. It is difficult to imagine that this is consonant with *King's* statement regarding prejudice to the defendant.

The problem of the included offense has been a vexing one to the bench and bar. I find it significant that courts generally refer to a "lesser" included offense, although our statute does not use the word. (Ill. Rev. Stat. 1983, ch. 38, par. 2—9.) "Lesser" in my opinion re-

flects the *Prim* doctrine of "more serious." It would pose an impossible burden to determine "lesser" as a subjective apprehension by either the victim or the defendant. For example, let us take rape and theft (admittedly not included offenses). The town's premier virgin would doubtless be willing to part with all of her property rather than submit to sexual advances; the town's premier prostitute would be of exactly the opposite view. The "lesser" offense must necessarily be considered in the context of punishment.

The included offense doctrine has two functions: (1) it permits the prosecution to salvage something out of a close case, and (2) it permits the jury to exercise its traditional prerogative of lenity towards the defendant. The case was summarized by the United States Supreme Court in *Keeble v. United States* (1973), 412 U.S. 205, 208, 36 L. Ed. 2d 844, 847, 93 S. Ct. 1993, 1995, as follows:

> "Although the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged, it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater."

The analysis in terms of punishment probably does not square with the supreme court's three tests of definition of included offenses set forth in *People v. Mays* (1982), 91 Ill. 2d 251, 255, 437 N.E.2d 633, 635, but it cannot be denied that for practical purposes punishment exists as a kind of penumbra surrounding the entire concept.

In summary, I would reject the included offense analysis of the majority and affirm the conviction and sentence for attempt (residential burglary) as the more serious offense arising out of a single act under *Prim*.