THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELIZABETH MORGAN PADEN, Defendant-Appellant.

Second District   No. 82—914

Opinion filed April 13, 1984.

A.F. Mannina, of Downers Grove, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Judith M. Pietrucha, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendant, Elizabeth Paden, was charged in a two-count information with the offenses of attempt (armed robbery) (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(a)) and armed violence (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2). Both counts alleged the same act: on February 18, 1982, defendant, while armed with a dangerous

weapon, a gun, "demanded property, being a purse and money from the person and presence of Valerie Dziak, by threatening the imminent use of force." Count I charged defendant with attempt (armed robbery) in that she, with the intent to commit the offense of armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2(a)), performed a substantial step toward the commission of that offense. Count II charged defendant with armed violence in that she, while armed with a dangerous weapon, a gun, committed the offense of attempt (robbery) (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(a)) in that she, with the intent to commit the offense of robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—1(a)), performed a substantial step toward the commission of that offense.

The cause proceeded to jury trial on October 5, 1982. Verdict forms offered by the State, including one for the offense of attempt (robbery), went to the jury with no objection from defendant. The jury returned three verdict forms: (1) guilty of attempt (robbery); (2) guilty of attempt (armed robbery); and (3) guilty of armed violence.

On November 23, 1982, the trial court sentenced defendant to the minimum term of six years in the Department of Corrections for the offense of armed violence. The defendant filed a timely notice of appeal from that sentence.

On appeal defendant contends that her sentence for armed violence was improper and should be vacated and the matter remanded to the trial court for sentencing for the offense of attempt (armed robbery).

Distilled to its essence, defendant's argument appears to be that she could be subject to either of two disparate punishments for the exact same conduct in violation of due process. Specifically, she argues that her attempted robbery of Valerie Dziak by the use of a gun is punishable as a Class I felony when sentence is imposed for attempt (armed robbery) and as a Class X felony when sentence is imposed for armed violence predicated on robbery while armed with a gun and that there is no constitutional rationale or guideline for the sentencing court to mete out one punishment over the other. Therefore, it is defendant's contention that her constitutional assurances of proportionate penalties and due process have been violated.

■ The State initially argues that defendant has waived this point on appeal. Even though the waiver rule applies to constitutional questions as well as other issues, the matters sought to be raised here affected defendant's substantial rights, and, pursuant to Supreme Court Rule 615(a) (87 Ill. 2d R. 615(a)), may be noticed although not brought to the attention of the trial court. *People v.*

*Pickett* (1973), 54 Ill. 2d 280, 282.

Turning to the merits of defendant's appeal, defendant relies in the main on the recent supreme court case of *People v. Wisslead* (1983), 94 Ill. 2d 190. In *Wisslead* the defendant was charged with committing the offense of unlawful restraint (Ill. Rev. Stat. 1979, ch. 38, par. 10—3(a)) and the offense of armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2) based on the underlying felony of unlawful restraint. The criminal information alleged that on March 31, 1981, Wisslead, while armed with a revolver, detained his estranged wife without legal authority. Our supreme court affirmed the trial court holding that the armed violence statute as applied to the unlawful restraint statute was unconstitutional in that " 'the statutory scheme of penalties is arbitrary, capricious, and not reasonably related to the seriousness of the offense' classified under article 10 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 10—1 through 10—5 (kidnaping and related offenses))." *People v. Wisslead* (1983), 94 Ill. 2d 190, 192.

In doing so, the supreme court observed that the armed violence statute provides that it is applicable when a defendant commits "any felony defined by Illinois law," but the court went on to note that in *People v. Haron* (1981), 85 Ill. 2d 261, 278, the court had concluded that armed violence could be based only on " 'a predicate offense which is a felony without enhancement by the presence of a weapon.' " (*People v. Wisslead* (1983), 94 Ill. 2d 190, 193.) The presence of the weapon is not an element of the felony offense of unlawful restraint, and in *People v. Jones* (1981), 93 Ill. App. 3d 475, it was held that unlawful restraint could serve as the underlying offense to a charge of armed violence.

Similarly, in the instant case, defendant was charged with armed violence predicated on attempt (robbery) while armed with a gun. The presence of a weapon is not an element of the felony offense of attempt (robbery), and it thus appears that the crime may serve as the underlying offense to a charge of armed violence. In charging defendant in this manner, the prosecutor here avoided the controversy as to whether attempt (armed robbery) could serve as the predicate felony for armed violence, since the presence of the gun elevated attempt (robbery) to attempt (armed robbery) which would constitute, according to some authority, impermissible double enhancement. Compare *People v. Del Percio* (1983), 118 Ill. App. 3d 539; *People v. Goodman* (1982), 109 Ill. App. 3d 203, with *People v. Lucien* (1982), 109 Ill. App. 3d 412, *cert. denied* (1983), 459 U.S. 1219, 75 L. Ed. 2d 459, 103 S. Ct. 1223; *People v. Del Percio*

(1983), 118 Ill. App. 3d 539 (Nash, J., dissenting).

However, the supreme court in *Wisslead* went on to point out, the argument being made in that case was not considered in *People v. Jones* (1981), 93 Ill. App. 3d 475, which held that unlawful restraint could be the predicate felony for armed violence. The supreme court then found the involved statutory scheme of penalties arbitrary and capricious on two bases: (1) the sentences which may be imposed for the offense of armed violence based on unlawful restraint with a Category I weapon and for the more serious offense of aggravated kidnaping are unconstitutionally disproportionate; and (2) the sentencing scheme violates the constitutional assurances of proportionate penalties and due process, since the penalty for the Class 2 offense of forcible detention is less than that for armed violence based on unlawful restraint though another element is added to those of the latter, a lesser-included offense, to constitute forcible detention. *People v. Wisslead* (1983), 94 Ill. 2d 190, 194-97.

Defendant would apply the holding and rationale in *Wisslead* to this case because attempt (armed robbery) is a Class 1 felony while armed violence predicated on attempt (robbery) while armed with a gun is a Class X offense. According to defendant, this gives rise to a disparity between the armed violence statute and the attempt statute, which reduces the sentence for the inchoate offense of attempt (armed robbery) from the Class X penalty for armed robbery to a Class 1 felony, and makes apparent a serious question of disproportionate sentences and due process. A close examination of *Wisslead*, though, shows that it is not applicable to this case on either of the two bases upon which the holding in that case rests.

In *Wisslead*, the supreme court first compared the two unenhanced crimes of unlawful restraint and kidnaping, which are, under the Criminal Code of 1961, related offenses (Ill. Rev. Stat. 1981, ch. 38, pars. 10—3, 10—1). Considering the conduct and penalty for each respective offense, the court observed that unlawful restraint is a less serious crime than kidnaping. When one adds the element of the presence of a Category I weapon, such as a gun, to those required for unlawful restraint and to those required for kidnaping, the offenses may be prosecuted as armed violence based on unlawful restraint and aggravated kidnaping respectively. Incongruously, however, where aggravated kidnaping is charged, the lesser offense of unlawful restraint becomes a graver offense than kidnaping because armed violence predicated on unlawful restraint with a Category I weapon is a Class X felony, whereas aggravated kidnaping is only a Class 1 felony, a lesser offense. The Illinois constitutional provisions

for due process and proportionate sentences are violated because the penalty prescribed for the more serious offense of aggravated kidnaping is not as great or greater than the penalty prescribed for the less serious offense of unlawful restraint when enhanced by a gun so as to constitute the predicate felony for a charge of armed violence. *People v. Wisslead* (1983), 94 Ill. 2d 190, 195-96.

■ In the present case, there is no related unenhanced offense under the Criminal Code of 1961 with which the effect of enhancing the offense of attempt (robbery) by the presence of a gun could be compared as was done in *Wisslead* regarding unlawful restraint and kidnaping. The incongruous result and unconstitutionally disproportionate sentences in *Wisslead* are, therefore, not possible where, as here, a robbery offense is involved. Stated differently, this is not a case where conduct comprising a less serious offense is subject to a graver penalty than that imposed for conduct comprising a more serious offense where each offense is enhanced by the identical additional element, a gun.

The second basis for the *Wisslead* holding concerns a comparison of the unlawful restraint statute with the forcible detention statute. (Ill. Rev. Stat. 1979, ch. 38, pars. 10—3, 10—4.) The court found that a comparison of the definitions of the two offenses showed unlawful restraint to be a lesser-included offense of forcible detention. "A lesser included offense is one which is established by 'less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged ***.' (See Ill. Rev. Stat. 1979, ch. 38, par. 2—9(a).)" (*People v. Wisslead* (1983), 94 Ill. 2d 190, 196-97.) The court found that commission of unlawful restraint while armed with a Category I weapon is a Class X felony but that, remarkably and incongruously, when the element of the holding of a hostage is added to that offense the offense becomes, by definition, that of forcible detention which is a Class 2 felony. According to the supreme court, this sentencing scheme violates the constitutional assurances of proportionate penalties and due process since the penalty for a Class 2 offense, forcible detention, is less than that for armed violence based on unlawful restraint though another element, the holding of a hostage, is added to those of the lesser-included offense in order to comprise the offense of forcible detention. 94 Ill. 2d 190, 197.

In the present case, attempt (robbery) is a lesser-included offense of armed robbery, since the latter requires completion of the offense of taking property from the person or presence of another by use of force or by threatening the imminent use of force (thus

going beyond the substantial step toward the commission of the offense required under the attempt statute) and the possession of a dangerous weapon. Armed robbery, the greater offense, is always a Class X felony, and the lesser-included offense of attempt (robbery) if armed with a Category I weapon is also a Class X felony when charged as armed violence and would be a Class 2 felony as armed violence with a Category II weapon present. In no event would the penalty for armed robbery, to which the additional element of completion of the offense has been added to those of the lesser-included offense, be less than that for the lesser-included offense. Therefore, the incongruous and unconstitutional result forming the second basis for the *Wisslead* holding is not present in this case.

■ As another ground for defendant's contention that she should have been sentenced on the attempt (armed robbery) conviction rather than the armed violence conviction, she argues that the legislature clearly intended that a defendant who merely attempts an armed robbery should be treated less harshly than one who completes the act. She points out that the attempt statute reduces the sentence for attempt to commit a Class X felony, like armed robbery, to a Class 1 felony (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(c)(2)), but that predicating armed violence on attempt (robbery) while armed with a gun results in the same penalty as the completed crime. However, Illinois case law and statute support the actions here.

■ Where two offenses are based on the identical conduct of the defendant and this conduct is known to the prosecuting officer at the commencement of the prosecution, Illinois statute places the burden on the prosecutor to either elect the charge on which he desires to proceed or to proceed on both charges. (*People v. Mullenhoff* (1965), 33 Ill. 2d 445; Ill. Rev. Stat. 1981, ch. 38, par. 3—3.) The fact that defendant's conduct may constitute the basis of charges for two different offenses with different penalties for each is not a denial of due process and equal protection, and the State's Attorney, as representative of the People, has the responsibility of evaluating the evidence and other pertinent factors in determining what offense can properly and should properly be charged. The kind of determination committed to the discretion of the State's Attorney by the statute in this situation is the same kind of discretion that is committed to him with respect to a host of other offenses, is exercised by him every day, and is not an unconstitutional delegation of authority. *People v. McCollough* (1974), 57 Ill. 2d 440, *appeal dismissed* (1974), 419 U.S. 1043, 42 L. Ed. 2d 637, 95 S. Ct. 614.

It does not appear that the State abused its discretion in charging this defendant with both attempt (armed robbery) and armed violence on these facts. Not all attempt (armed robbery) fact patterns would qualify for a Class X penalty under the armed violence statute. It only happens where, as here, a defendant commits attempt (robbery) and has a Category I weapon such as a gun. When the perpetrator has a Category 2 weapon and commits attempt (robbery), it constitutes a Class 2 felony as armed violence because attempt (robbery) would carry a lesser penalty as a Class 3 felony (Ill. Rev. Stat. 1981, ch. 38, pars. 33A—1, 33A—2, 33A—3, 18—1(b), 8—4(c)(4)); the same conduct would be a Class 1 felony as attempt (armed robbery) (Ill. Rev. Stat. 1981, ch. 38, pars. 18—2(a), 8—4(c)(3)). In this latter situation, a prosecutor might choose to charge the offenses in a different manner than under the facts here.

█ Though both offenses could be properly charged and prosecuted in this case, a judgment of conviction and sentence could only be entered on one of them. Where the same physical act constitutes two or more offenses, it is proper to enter a judgment of conviction and sentence on the most serious of the offenses. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 170; *People v. King* (1977), 66 Ill. 2d 551, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273; *People v. Burnette* (1981), 97 Ill. App. 3d 1015, 1021.) Under these facts, the trial judge properly sentenced defendant on the armed violence conviction, as this Class X offense is more serious than the Class 1 felony of attempt (armed robbery).

The defendant's conviction and sentence for the offense of armed violence are affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.