THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MERLE SEPHUS, Defendant-Appellant.

Fourth District   No. 4—86—0067

Opinion filed November 5, 1986.—Rehearing denied December 15, 1986.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas K. Leeper, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

After a jury trial defendant was found guilty of two counts of aggravated criminal sexual abuse in violation of section 12—16(c)(1) of the Criminal Code of 1961 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16(c)(1)). He was sentenced to two concurrent terms of three years' imprisonment. Defendant appeals his conviction. We affirm.

Defendant was charged with aggravated criminal sexual assault, two counts of aggravated criminal sexual abuse, and residential burglary based on an incident which occurred on August 7, 1985. Defendant, a man in his mid-fifties, entered the home of an acquaintance, John Taylor, ostensibly to watch the Taylor family's four children while both parents were away. The testimony at trial differed as to whether defendant was given permission to enter the home or merely asked to make sure the children were not playing outside as he walked by. The residential burglary claim draws its basis from this dispute. We need not consider it, however, as the jury found defendant not guilty of that charge. While in the house, defendant allegedly fondled the breasts and genitals of the eldest Taylor girl, 12 years old. The girl escaped defendant's grasp and ran out of the house just as a family friend, Vicky Smith, was driving by. The girl waved the car to a halt and explained, at least to a certain degree, what had occurred. Vicky and the young girl then went to the home of the regular baby sitter, Linda Smith (no relation). All three then returned to the Taylor home, where Vicky Smith confronted defendant. Linda Smith phoned Beverly Taylor, the children's mother, who was taking nursing classes.

Beverly went home and then took her daughter to Blessing Hospital. On the way she asked her daughter what had happened. At trial, over defendant's objection, Beverly was allowed to testify as to what her daughter told her. The complainant told her mother that defendant had "bothered" her; defendant had been messing with her "privates." Beverly explained that she taught her children to call the male and female genitals the "privates."

At trial the complainant and a younger sister, age 11, were found competent to testify. They gave a detailed account of what occurred while defendant was in their house. At the instruction conference the State moved to amend the information by dismissing the charge of aggravated criminal sexual assault. The motion was granted. The jury found defendant guilty of two counts of aggravated criminal sexual abuse.

Defendant raises two arguments on appeal: (1) the trial court erred in admitting Beverly's hearsay testimony as to what the complainant told her; and (2) section 12—12 *et seq.* of the Criminal Code of 1961 (Ill. Rev. Stat. 1984 Supp., ch. 38, par. 12—12 *et seq.*) violates due process and should be declared void.

■ The trial court admitted the testimony of Mrs. Taylor as to what her daughter had told her during the ride to the hospital. The court ruled the testimony was admissible under the "spontaneous declaration" exception to the hearsay rule. On appeal defendant argues the trial court erred in so ruling. The State basically agrees but argues there is no error as the testimony was properly admissible under the corroborative-complaint provision of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 115—10). The trial court had earlier rejected this ground.

The conversation between complainant and her mother occurred at least one hour after the incident occurred. Complainant gave some description of what occurred to Vicky Smith as she fled to Smith for help. In the short span of time thereafter, Vicky Smith picked up Linda Smith at the latter's house; both of them confronted defendant at the Taylor home; Beverly Taylor was summoned from school; and on the way to the hospital, complainant gave a description of what happened to her mother. No one paid close attention to time, and the best estimate finds the conversation between mother and daughter taking place about an hour after the incident. It would have been better to argue the statements made to Vicky Smith were admissible under the spontaneous-declaration exception. Vicky Smith did not testify at trial, however. Complainant's statements to her mother arguably took place too long after the incident to be considered spontaneous.

(See *People v. Jackson* (1956), 9 Ill. 2d 484, 138 N.E.2d 528.) In addition, complainant had discussed, at least in part, the incident with Vicky Smith, thereby destroying the spontaneity of any statement to her mother. See *People v. Robinson* (1978), 73 Ill. 2d 192, 383 N.E.2d 164.

■ Although we have concluded that the testimony of Beverly concerning the statement to her by the complainant was not admissible under the spontaneous-declaration exception to the hearsay rule, we are also of the opinion that the trial court properly rejected the testimony under section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 115—10), which provides:

> "In a prosecution for a sexual act perpetrated upon a child under the age of 13, including but not limited to prosecutions for violations of Sections 12—13 through 12—16 of the Criminal Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:
>
> (1) testimony by such child that he or she complained of such act to another; and
>
> (2) testimony by the person to whom the child complained that such complaint was made in order to corroborate the child's testimony."

The plain meaning of the statute is that the test is two-pronged: first, there must be testimony of the complainant to the witness and, second, the testimony of the witness to whom the complaint was made must be corroborative in nature. In the absence of the statute either one would constitute inadmissible hearsay. Further, the testimony of the complainant is a necessary predicate for the testimony of the witness. We note that the statute does not mandate any particular sequence or time frame for the statements—only that both must be in the record.

In the instant case the trial court ruled, and our examination of the record confirms, that the complainant did not unequivocally testify concerning any statement to her mother. Rather, the conversations with the mother related to the admonitions to the complainant to tell the truth at trial. Thus, the first prong of the statutory test was not met.

Nevertheless, while the admission of this testimony was erroneous, we believe that the error was harmless. The guilt of the defendant was overwhelmingly established, and we cannot perceive how the admission of Beverly's testimony about any statement to her by the complainant could have affected the jury's determination.

■ Defendant's second argument is that the new statutes dealing with sexual offenses are unconstitutionally vague and result in a denial of due process. Defendant points to three particular provisions: (1) the definition of "force" in section 12—12(d) of the Criminal Code of 1961 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—12(d)), (2) the provision upgrading criminal sexual assault to aggravated criminal sexual assault on the basis of a displayed weapon (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—14(a)(1)), and (3) the definitions of "sexual conduct" and "sexual penetration" in section 12—12 (Ill. Rev. Stat. 1984 Supp., ch. 38, pars. 12—12(e), (f)).

We may quickly dispose of the arguments based on the first two provisions cited above. The instant case does not deal with a sexual offense where the use of force or a displayed weapon was at issue. It is well established that a defendant may not challenge the constitutionality of a statutory provision which does not affect him unless the allegedly unconstitutional provision is so pervasive as to render the entire act void. (*People v. Palkes* (1972), 52 Ill. 2d 472, 288 N.E.2d 469; *People v. Bombacino* (1972), 51 Ill. 2d 17, 280 N.E.2d 697.) We find no glaring constitutional errors in the provisions dealing with force or display of a weapon. Even were we to find error in these two provisions, the entire act would not be declared void. The legislature included a severability clause, which was codified:

> "Section 3. Section 28.1 is added to 'AN ACT to create the offenses of criminal sexual assault, aggravated criminal sexual assault, criminal sexual abuse, and aggravated criminal sexual abuse and repealing various offenses and amending various Acts in relation thereto', Public Act 83—1067, certified January 5, 1984, the added Section to read as follows:
>
> *Sec. 28.1. If any provision of this Act or application thereof to any person or circumstance is held invalid, such invalidity does not affect other provisions or applications of this Act which can be given effect without the invalid application or provision, and to this end the provisions of this Act are severable.*" (Emphasis in original.) Pub. Act 83—1117; 1984 Ill. Laws 172; see also Ill. Ann. Stat. ch. 38, par. 12—12, at 220-21 (Smith-Hurd Supp. 1986).

■ The final constitutional challenge pertains directly to defendant. Defendant was initially charged with one count of aggravated criminal sexual assault as well as the two counts of aggravated criminal sexual abuse with which he was convicted. Aggravated criminal sexual assault is the offense of criminal sexual assault committed with an aggravating circumstance, as outlined in the statute. (Ill. Rev.

Stat., 1984 Supp., ch. 38, par. 12—14.) Aggravated criminal sexual abuse bears the same relationship to criminal sexual abuse. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16.) The basis of criminal sexual assault is the act of sexual penetration, which is defined as follows:

" 'Sexual penetration' means any contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—12(f).)

The basis of criminal sexual abuse is sexual conduct, defined as follows:

" 'Sexual conduct' means any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—12(e).)

The State moved to have the charge of aggravated criminal sexual assault dismissed at the jury instruction conference, which motion was granted.

Defendant argues the definitions of "sexual conduct" and "sexual penetration" are ill-defined and the meanings are interchangeable. The result is that the prosecutor's discretion determines whether one is charged with aggravated criminal sexual abuse, which carries a sentence of 3 to 7 years (Ill. Rev. Stat. 1985, ch. 38, pars. 12—16(e), 1005—8—1(5)), or aggravated criminal sexual assault, which carries a sentence of 6 to 30 years (Ill. Rev. Stat. 1985, ch. 38, pars. 12—14(c), 1005—8—1(3)). Thus, defendant argues, prosecutors may abuse the statutes through arbitrary and discriminatory application.

This question has been raised recently in several cases. In *People v. Hope* (1986), 142 Ill. App. 3d 171, 491 N.E.2d 785, the defendant challenged the enlarged wording of the definition of "sexual penetration." The court noted the definition was enlarged by the legislature and held the legislature has the authority to change the ordinary and popular meaning of words in a statute. In effect, the court held that enlarging the definition of "sexual penetration" to include certain types of sexual contact was constitutional.

More recently, in *People v. Server* (1986), 148 Ill. App. 3d 888, we

upheld the constitutionality of the statutes defining "sexual penetration" and "sexual conduct" against similar arguments that the broadened definitions permit arbitrary enforcement by the State. In so doing, we reiterated the principle that there is no denial of due process when a defendant can be prosecuted for two separate offenses with two different penalties based upon the same conduct. (*People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462; *People v. Paden* (1984), 123 Ill. App. 3d 514, 462 N.E.2d 989.) It is not a violation of due process for the State's Attorney to possess a certain amount of discretion. The State's Attorney, as a representative of the People, is vested with discretion to evaluate the evidence and other pertinent factors in determining which offense properly can be, and should be, charged. (*People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462; *People v. Paden* (1984), 123 Ill. App. 3d 514, 462 N.E.2d 989.) We have been presented with no argument in the case before us to change our opinion.

For the foregoing reasons, the order and sentence of the circuit court of Adams County is affirmed.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.