THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILLY WADE, JR., Defendant-Appellant.

Third District   No. 3—87—0576

Opinion filed April 12, 1988.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Billy Wade, appeals from the judgment of the circuit court of Peoria County which found him guilty of one count of armed violence, in violation of section 33A—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2), and of one count of attempted armed robbery, in violation of section 8—4(a) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 8—4(a)). Wade was sentenced to a

term of seven years' imprisonment for the armed violence only.

On January 13, 1987, Wade entered the Western Meat Market in Peoria with a beige nylon stocking over his face. A codefendant was already present in the store making some purchases. Wade entered and in a low voice said, "Put the money in the bag." The cashier stated that the man stuttered and was nervous. When the cashier asked what he meant the man stated more clearly, "Put the money in the bag" and reached for a gun, pointing it at the cashier. He threw a blue or purple whiskey bag on the counter. The cashier, thinking the incident was a hoax, instructed the man to leave. The man left, dropping the bag at the door, and ran across the street. Investigation by the police resulted in the arrest of Wade and his codefendant.

During the prosecutor's final rebuttal argument he made the following remarks:

"Now, it is the People's responsibility to prove the defendant [guilty] beyond a reasonable doubt. One of the instructions that you receive will say that you're to consider all the evidence received in this case. Reasonable doubt. Two words, not one. Reasonable doubt. There's a reason we have an adjective, reasonable, in front of doubt. We want, in our system of justice, people not to be found guilty when there's no evidence that they're guilty. That's not our way.

But, our way is that people are found guilty by juries and judges across this country when the evidence is there; and the evidence is there when there is, it's beyond a reasonable doubt.

As I said in my first remarks, you, we can't give you a videotape of what happened there; but you have almost everything that happened in Western Meat Market on January 13th of 1987, and there is no reasonable doubt that this defendant was the one who was there and that he knew what he was doing, and he did the acts as he's charged.

The term 'reasonable doubt' is not a shield that this defendant can pull around himself against the evidence. He's presumed innocent when you walk in that jury room. And then you as a jury sit down, and you look at the evidence; and that's when you as a jury say, 'Hey, the evidence is here. This defendant did the acts as charged.' And that's when it all strips away, and you as a jury, as members of this community, say yes, he's guilty. He's guilty because the evidence is there.

And the evidence in this case is here. He's had his day in

court. Give him, a fair trial. Give the People a fair trial. That's what you're here for. But remember when this defendant went to the church and stashed these clothes that he could change into after he committed this offense, he was trying to fool the police.

Don't let him fool you. Find him guilty. Thank you."

The jury then received its instructions and retired to deliberate. During the course of deliberation, the jury submitted the following question to the court:

"Is it assumed that the defendant did carry out certain actions in the Western Meat Market & that the juries' [sic] charge is to determine whether intimidation and/or armed robbery constituted a portion of those actions."

After discussing how to respond with the attorneys, the court instructed the jury to carefully read the instructions on the law which already had been provided. The jury later returned guilty verdicts on both counts. At the sentencing hearing, the court entered a judgment of conviction on the armed violence charge, but not for the attempted armed robbery, and Wade was sentenced to a term of seven years' imprisonment.

Wade appeals his conviction and sentence on the following bases. First, Wade contends that the armed violence statute was unconstitutionally applied in this case, where intimidation, a lesser included offense of attempted armed robbery under the circumstances of this case, is used as the predicate felony for armed violence. He contends that this results in an unjust sentencing scheme. Second, Wade asserts that the trial judge erred in refusing to answer the deliberating jurors' questions and telling them only to consider the instructions already given. Finally, Wade states that he was denied a fair trial because of prosecutorial misconduct during closing arguments which allegedly diminished the presumption of innocence and the reasonable doubt standard and accused the defendant of trying to fool the jury.

■ The first issue for our consideration is Wade's challenge to his sentence for armed violence. We initially note, as counsel conceded at oral argument, that this does not involve an issue of double enhancement as addressed by the Illinois Supreme Court in *People v. Del Percio* (1985), 105 Ill. 2d 372, 475 N.E.2d 528. Rather, this presents us with a situation similar to that in *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512. In *Wisslead*, the defendant was charged with the offense of unlawful restraint and with armed violence based on the underlying felony of unlawful restraint. The defendant argued that unlawful restraint, a Class 4 felony, is a less

serious offense than kidnapping, a Class 2 felony, and should, therefore, be punished less seriously. However, when a Class 1 weapon, *i.e.*, a gun, is introduced into both settings, the sentencing scheme becomes violative of due process. With the introduction of a weapon into the fact scenario, unlawful restraint is enhanced to a Class X felony via the armed violence statute. However, kidnapping becomes aggravated kidnapping and is only punished as a Class 1 felony. The Illinois Supreme Court held that the sentences imposed for the offense of armed violence based on unlawful restraint with a category 1 weapon and for the more serious offense of aggravated kidnapping are unconstitutionally disproportionate. 94 Ill. 2d at 196, 446 N.E.2d at 515.

We have a similar situation in this case. Intimidation has been classified by the legislature as a Class 3 felony; similarly, so has the offense of attempted robbery. However, when the Class 1 weapon, *i.e.*, the gun in this case, is added to the picture, intimidation becomes a Class X felony through the use of the armed violence statute, whereas attempted robbery becomes attempted armed robbery, as defined by statute, and is a Class 1 felony. In this case the two crimes were initially classified identically and carried the same sentence. But when the gun is introduced, intimidation is elevated to a more serious crime than attempted armed robbery. This is illogical when we consider that identical facts can render two different conclusions. As the *Wisslead* court has previously determined, this results in an unconstitutionally disproportionate sentencing scheme.

The next issue we address is the alleged error which occurred as a result of the prosecutor's closing argument. Wade contends that the prosecutor diminished the presumption of innocence and the reasonable doubt standard and accused the defendant of trying to fool the jury. We recognize that the prosecutor is to refrain from using violent language, making inflammatory remarks, stating matters not in evidence, expressing personal opinion, or distorting the burden of proof. (*People v. Provo* (1951), 409 Ill. 63, 97 N.E.2d 68.) It is also well established that the concept of reasonable doubt should not be defined by the trial court or counsel. (*People v. Malmenato* (1958), 14 Ill. 2d 52, 150 N.E.2d 806.) However, the prosecutor must not be severely limited in his closing. It is proper for a prosecutor to comment on the burden of proof if the prosecutor's comments do not distort that burden. And it is also proper to urge the jury to fearlessly administer the law and to denounce the accused if the comment is based on the evidence. (*People v. Bryant* (1983), 94 Ill. 2d 514, 447 N.E.2d 301.) We have examined the remarks made

by the prosecutor and have deemed them not to violate any of the above-mentioned principles and they were based on the evidence introduced.

■ The final issue we address is the alleged error committed by the trial court when it failed to answer the jurors' question to a greater extent than the court determined was adequate. When the jury submitted its question to the court, the following response was returned:

> "You have been instructed as to the law in this case. Read those instructions carefully as they do cover the law to be followed by you."

The law is well settled on this point. The trial judge is to decide whether to honor the jury's request for additional instruction, and his decision will not be disturbed on appeal unless an abuse of discretion can be shown. (*People v. Pierce* (1974), 56 Ill. 2d 361, 308 N.E.2d 577.) Further, a trial judge is not required to answer the jury's question when the instructions are sufficient. (*People v. Charles* (1977), 46 Ill. App. 3d 485, 360 N.E.2d 1214.) We have reviewed the instructions in this case and they were sufficient to instruct the jury. Therefore, we hold that the trial judge did not abuse his discretion by submitting the answer that he did.

We conclude, then, that Wade's armed violence conviction must be reversed and the sentence vacated. But because the jury also found him guilty of the attempted armed robbery, the case will be remanded for a judgment of conviction to be entered on that charge and for sentencing to proceed accordingly.

Reversed and remanded.

HEIPLE and WOMBACHER, JJ., concur.