THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANDREW L. MORITZ, Defendant-Appellant.

Fourth District   No. 4—87—0702

Opinion filed August 25, 1988.—Rehearing denied September 22, 1988.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

G. Patrick Riley, State's Attorney, of Eureka (Kenneth R. Boyle, Robert J. Biderman, and Kenneth R. Baumgarten, all of State's Attorneys Appellate Prosecutor's Office of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Following a jury trial, defendant was found guilty of attempt (murder), two counts of armed violence, four counts of aggravated battery, and two counts of aggravated kidnaping in violation of sections 8—4, 33A—2, 12—4, and 10—2, respectively, of the Criminal Code of 1961 (the Code) (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 33A—2, 12—4, 10—2). The circuit court of Woodford County entered judgment of conviction on attempt (murder) and one count of armed violence predicated on kidnaping. Defendant was sentenced to an extended term of 60 years' imprisonment for attempt (murder) and 30 years' imprisonment for armed violence, the sentences to run consecutively. Defendant appeals both his conviction and sentence. We affirm.

On appeal, defendant advances the following allegations of error: (1) the jury returned mutually inconsistent verdicts by finding that

defendant acted intentionally in returning a guilty verdict for attempt (murder), and by finding that defendant acted knowingly in returning guilty verdicts for armed violence, aggravated battery, and aggravated kidnaping; (2) defendant's conviction for armed violence predicated on kidnaping must be vacated because it involves exactly the same elements as the crime of aggravated kidnaping; and (3) defendant's sentence was excessive and an abuse of discretion by the trial court in light of defendant's mental illness and physical disabilities. As there is no question raised regarding the evidence, we need only briefly explain the factual background regarding defendant's charges.

On April 21, 1987, an incident occurred in Peoria whereby a woman was confronted as she was getting into her car by a man with a gun. The defendant was later identified as the man with the gun. Defendant forced the woman to the passenger's side of the car and drove east out of Peoria. Defendant stopped at a gas station and forced the woman to buy gas and cigarettes. They continued driving, and at some point, defendant pulled over near a ditch. Both of them got out of the car and approached the ditch. Defendant made the remark that the ditch was not deep enough, and they got back into the car and continued driving. About a mile or so further, defendant pulled off the road by a barn or shed. Defendant walked the woman behind the barn while telling her she could run away when she saw the taillights of the car disappear. The woman testified that defendant ordered her to stand facing the barn with her palms against the wall of the building. According to the woman, defendant fired the gun, and the bullet struck her in the left wrist. She screamed and fell to the ground. She pretended to be dead, hoping the man would go away. However, a few seconds later, she heard a gunshot and felt the bullet hit her head. Again, she heard a shot, and a second bullet hit her head. She lay there for some time, still conscious. Eventually, she got up, crossed a field to a farmhouse, and received help. Her wounds were treated that night, and the next day, surgery was performed to remove metal fragments from her head.

Defendant was later apprehended in Denver, Colorado. The woman's car was recovered there also.

Defendant went to trial charged with attempt (murder), armed violence predicated on the felony of aggravated battery, and armed violence predicated on the felony of kidnaping. Upon defendant's request, the court gave instructions for an additional four counts of aggravated battery and two counts of aggravated kidnaping as included offenses of the State's charges. One of the aggravated kidnaping charges consisted of the elements of kidnaping with the added ag-

gravating factor of commission of the felony while being armed with a dangerous weapon. The trial concluded on August 1, 1987, and the jury returned verdicts of guilty on all nine charges. The court entered judgment of conviction on the charges of attempt (murder) and armed violence predicated on kidnaping on August 10, 1987.

On October 1, 1987, defendant appeared in court for sentencing. The court found that certain aggravating factors applied to defendant, including causing serious harm to the victim, having a history of criminal activity, and requiring a sentence that would deter others from committing the same offense. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a).) No factors were found in mitigation. The court then found the offense was committed with brutal and heinous behavior, indicative of wanton cruelty (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(2)), and sentenced defendant to an extended term of 60 years for attempt (murder). Defendant received a 30-year sentence for armed violence. Based upon a finding that the public needed to be protected from the defendant because of the nature of the offense he committed and his history and character, the court ordered the sentences to be served consecutively. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(b).

■ Defendant initially raises the allegation that the jury returned mutually inconsistent verdicts. Defendant was charged with attempt (murder) in violation of section 8—4 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 8—4). Attempt is a crime requiring that one intend the commission of the specific offense. The remaining eight charges were composed of two counts of armed violence, using the predicate felonies of kidnaping and aggravated battery, four counts of aggravated battery, and two counts of aggravated kidnaping. As to all these charges, the State submitted jury instructions which included the mental state of knowledge. The jury returned verdicts of guilty on all nine charges. Based on the supreme court's decision in *People v. Spears* (1986), 112 Ill. 2d 396, 493 N.E.2d 1030, defendant argues the verdicts are mutually inconsistent; the mental states of intent and knowledge are inconsistent.

Defendant misreads *Spears* in order to achieve his mutually inconsistent theory. In *Spears*, the defendant was charged with attempt (murder), armed violence based on aggravated battery, and reckless conduct. (See Ill. Rev. Stat. 1983, ch. 38, par. 12—5(a).) Attempt (murder), as in this case, required an intentional act. Armed violence was based on an act committed knowingly. Reckless conduct was based on recklessness. The jury convicted defendant of all three charges, and the supreme court held the verdicts were inconsistent.

However, the thrust of the court's holding was not aimed at a conflict between intent and knowledge. Rather, the conflict was between the mental states of intent and knowledge on the one hand, and reckless-ness on the other:

"By returning guilty verdicts for reckless conduct and at-tempted murder, the jury necessarily found mutually inconsis-tent mental states to exist when defendant shot and wounded Barbara. ***

The *Hoffer* [*People v. Hoffer* (1985), 106 Ill. 2d 186, 478 N.E.2d 335,] rule also controls the guilty verdicts for the defendant's conduct towards Annette Keys. *** By its guilty verdicts, the jury here necessarily found that the defendant acted both recklessly (reckless conduct) and knowingly (armed violence predicated on aggravated battery) in firing that shot. Under *Hoffer*, we conclude that these convictions were legally inconsistent." (*Spears*, 112 Ill. 2d at 407, 493 N.E.2d at 1035.)

There was no conflict for the jury to find defendant acting with intent and with knowledge. *Spears* does not hold to the contrary. The nine verdicts returned by the jury in this case were legally and logically consistent.

Defendant's second allegation of error concerns the jury verdicts for armed violence predicated on kidnaping, and aggravated kidnap-ing. Judgment of conviction was entered only on the verdict for armed violence. Essentially, both charges contain the same elements, no more and no less. Armed violence, based on the underlying felony of kidnaping, consists of the basic elements of kidnaping (Ill. Rev. Stat. 1985, ch. 38, par. 10—1), plus the added factor of being armed with a dangerous weapon (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2). Two charges of aggravated kidnaping were filed against defendant. One of the two charges is composed of the elements of kidnaping plus the aggravating factor of being armed with a dangerous weapon. (Ill. Rev. Stat. 1985, ch. 38, par. 10—2(a)(5).) The only difference between the two charges is the penalty. Armed violence is a Class X felony if committed with a category I weapon, as in this case. (Ill. Rev. Stat. 1985, ch. 38, par. 33A—3.) Aggravated kidnaping, based on the use of a dangerous weapon, is a Class 1 felony. (Ill. Rev. Stat. 1985, ch. 38, par. 10—2(b).) Relying on the supreme court's decision in *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, defendant argues the conviction for armed violence must be vacated and only a conviction for aggravated kidnaping may stand. Further, defendant argues the two statutes are irrational and arbitrary as a matter of constitutional law.

The State points out that defendant did not raise this argument in his post-trial motion. We choose to address the question in the interest of maintaining a uniform body of precedent. *Hux v. Raben* (1967), 38 Ill. 2d 223, 225, 230 N.E.2d 831, 832.

Armed violence is a crime that is defined simply:

> "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2.)

In our discussion, we will focus on the words "any felony."

In *Haron*, the supreme court discussed the use of the armed violence statute in conjunction with the crime of aggravated battery. Two of the charges against the defendants in *Haron* were armed violence predicated on aggravated battery, and aggravated battery. Aggravated battery consisted of the elements of simple battery, normally a misdemeanor (Ill. Rev. Stat. 1979, ch. 38, par. 12—3), along with the aggravating factor of use of a deadly weapon. Aggravated battery is a felony, and the State used the same felony—aggravated battery (deadly weapon)—to serve as the predicate felony for armed violence. The supreme court held this to be an improper use of the armed violence statute. While discussing several theories propounded by the defendants, the court relied for its holding on interpreting legislative intent. The court held that the legislature did not intend the armed violence statute to apply to an act, which by itself is a misdemeanor, but becomes a felony when committed while armed:

> "[T]he General Assembly did not intend that the presence of a weapon serve to enhance an offense from misdemeanor to felony and also to serve as the basis for a charge of armed violence. In our opinion the requirement of section 33A—2 that there be the commission of a felony while armed with a dangerous weapon contemplates the commission of a predicate offense which is a felony without enhancement by the presence of a weapon." (*Haron*, 85 Ill. 2d at 278, 422 N.E.2d at 634.)

The court agreed with the trial court that the armed violence charge must be dismissed, and the defendants could only be charged with aggravated battery.

■ The rule is now firmly set that armed violence does not apply to felonies which themselves include as an element the presence or use of a weapon. (*People v. Del Percio* (1985), 105 Ill. 2d 372, 377-78, 475 N.E.2d 528, 530-31.) Thus, in *Del Percio*, the supreme court held that attempt (armed robbery), which has as one of its elements being armed with a dangerous weapon (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4, 18—2), could not serve as the predicate felony for armed violence

even though attempt (robbery) is classified as a Class 3 felony (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4(c), 18—1(b)). Once a crime has been enhanced because of the presence or use of a weapon, it may not be enhanced again through an armed violence charge. The question before us is whether the simple charge must *never* be enhanced to the Class X felony of armed violence when another, lesser option exists.

■ Although taking some time to discuss certain principles of statutory construction, the *Haron* court did not use the principles in its holding. Defendant now relies on these principles to support his argument. One principle is the principle of lenity, that is, ambiguity in a criminal statute must be resolved in favor of a defendant. The second principle is that a specific statute takes precedence over a general statute. (*Haron*, 85 Ill. 2d at 271-78, 422 N.E.2d at 631-34.) Defendant argues these principles of statutory interpretation apply in the instant case and prohibit a conviction for armed violence in favor of the lesser offense of aggravated kidnaping.

The defendant argues the State must choose to charge a defendant with the lesser of two options when both felonies consist of the same elements. Defendant contends that since the aggravated kidnaping charge is more lenient than the armed violence charge, the principle of lenity demands that the conviction for armed violence be set aside. Also, defendant asserts the armed violence statute is more general than the aggravated kidnaping statute because armed violence applies to any felony. Therefore, the more specific aggravated kidnaping charge must take precedence over the armed violence charge. While we acknowledge the statutory principles, we find they are not applicable in the present case.

It is first important to note the distinction between the instant case and *Haron* and its progeny. The armed violence charge used against defendant was based on the underlying crime of kidnaping. Kidnaping is a felony, and none of its elements are based on the use or presence of a weapon. (Ill. Rev. Stat. 1985, ch. 38, par. 10—1.) We further emphasize the fact that aggravated kidnaping is a separate offense. (Ill. Rev. Stat. 1985, ch. 38, par. 10—2.) Thus, we are not faced with a situation where a misdemeanor has been enhanced to a felony (*Haron*, 85 Ill. 2d 261, 422 N.E.2d 627), nor the situation where the predicate felony has as one of its elements the use or presence of a weapon. *Del Percio*, 105 Ill. 2d 372, 475 N.E.2d 528.

Neither are we faced with a conflict such as occurred in *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512, and *People v. Wade* (1988), 167 Ill. App. 3d 921, 522 N.E.2d 285. *Wisslead* and *Wade* dealt with disproportionate sentencing. In *Wisslead*, the defendant

was charged with armed violence based on the predicate felony of unlawful restraint (Ill. Rev. Stat. 1979, ch. 38, par. 10—3(a)). Defendant noted that adding the presence of a gun to unlawful restraint resulted in the Class X felony of armed violence. On the other hand, adding the presence of a gun to kidnaping, a greater felony than unlawful restraint, resulted in the Class 1 felony of aggravated kidnaping. Thus, defendant argued, the lesser felony is punished to a greater degree when committed with a weapon. The supreme court found this resulted in disproportionate sentencing and held that unlawful restraint could never serve as the predicate felony for armed violence. The facts before us are distinguishable in that the basic felony for armed violence and aggravated kidnaping is the same felony, kidnaping.

■ We turn now to a discussion of the principles of statutory construction. The principle of lenity is applied when a criminal statute is ambiguous:

> "It is an ancient rule of statutory construction that penal statutes should be strictly construed against the government or parties seeking to enforce statutory penalties and in favor of the persons on whom penalties are sought to be imposed. The United States Supreme Court has adopted the 'rule of lenity' as a corollary of the rule of statutory construction that requires penal statutes to be construed strictly against the power. This rule rests on the fear that expansive judicial interpretations will create penalties not originally intended by the legislature. The rule of lenity should only be applied if after reviewing all sources of legislative intent the statute still remains ambiguous." (3 A. Sutherland, Statutory Construction §59.03, at 11 (4th ed. 1986).)

We find that there is no ambiguity created in allowing the State to charge defendant with armed violence rather than aggravated kidnaping. The purpose of enacting the armed violence statute was to "respond emphatically to the growing incidence of violent crime." (*People v. Graham* (1975), 25 Ill. App. 3d 853, 858, 323 N.E.2d 441, 444; see also *People v. Hardaway* (1969), 108 Ill. App. 2d 325, 332, 247 N.E.2d 626, 630.) The fact that armed violence provides a second, greater penalty for conduct which may be punishable as aggravated kidnaping does not make the armed violence statute improper. In *People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462, the supreme court upheld the involuntary manslaughter-reckless homicide statutory scheme (Ill. Rev. Stat. 1971, ch. 38, par. 9—3), which granted prosecutors discretion to choose between either offense under certain circumstances. At that time, the statutes carried different penalties. Since *McCol-*

*lough,* our courts have upheld other criminal statutory schemes which give the State an option as to which offense to charge under certain circumstances. (See, *e.g.,* as to aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14) and aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16): *People v. Sephus* (1986), 150 Ill. App. 3d 272, 501 N.E.2d 175; *People v. Server* (1986), 148 Ill. App. 3d 888, 499 N.E.2d 1019, *cert. denied* (1987), 484 U.S. 842, 98 L. Ed. 2d 88, 108 S. Ct. 131; as to unlawful use of firearms by felons (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1) and unlawful possession of firearms and firearm ammunition (Ill. Rev. Stat. 1985, ch. 38, par. 24—3.1): *People v. Crawford* (1986), 145 Ill. App. 3d 318, 495 N.E.2d 1025; *People v. Capsel* (1986), 144 Ill. App. 3d 1057, 496 N.E.2d 10.) Therefore, the State's choice of bringing a charge of armed violence rather than aggravated kidnaping does not emphasize an ambiguity but is merely the sound use of prosecutorial discretion. Justice Simon made this very point in his dissent in *Wisslead:*

"[A] prosecutor can always charge armed violence when a defendant commits a felony with a dangerous weapon, provided that the prosecutor relies on an unenhanced crime as the predicate felony so as to avoid the proscription of *People v. Haron* (1981), 85 Ill. 2d 261, [422 N.E.2d 627,] against double enhancement. To illustrate, the State need not charge aggravated kidnaping when a defendant commits kidnaping with a gun; instead, it may charge armed violence based on simple kidnaping. Similarly, the State is not required to charge forcible detention or forgo a prosecution altogether when a defendant commits forcible detention; in that situation it may charge armed violence based on unlawful restraint, unlawful restraint being a lesser included offense of forcible detention and one which does not require the use of a weapon. * * *

* * * As armed violence based on an unenhanced felony permits no defenses which aggravated kidnaping or forcible detention do not also permit, I do not see why any prosecutor with his wits about him would forswear the Class X charge in favor of Class 1 or Class 2 punishment, except perhaps in the everyday context of a plea bargain in which a defendant is threatened with prosecution for a Class X felony if he does not admit to certain allegations.

The sentencing structure comports fully with the apparent intent of the legislature to provide the maximum disincentive for the carrying of dangerous weapons such as guns in the commission of felonies. The purpose, of course, is to minimize

the potential mayhem that may result from an inherently violent crime or to reduce the possibility that a felony that is not intrinsically violent may erupt into violence. To the extent that those who are contemplating the commission of a felony fear punishment and realize that their punishment will be greater if they have a dangerous weapon on their person while committing the felony, some felons will be tempted to leave their guns or knives at home, and fewer people will be hurt. The armed-violence statute acts as a sort of stand-in for a gun control law, and, as such, it serves a useful deterrent purpose. The scheme of punishment under the armed-violence statute is internally consistent. It does not encourage the commission of more serious felonies by a felon who is armed. It thus deprives no one of due process or equal protection of the laws." (*Wisslead*, 94 Ill. 2d at 197-99, 446 N.E.2d at 515-16 (Simon, J., dissenting).)

We realize that Justice Simon's statements are not to be considered as having precedential value. Nevertheless, we find it an appropriate description of the legitimate discretion given prosecutors by the legislature in enacting the armed-violence statute.

■ The second statutory principle defendant uses to support his argument is the principle that a specific statute takes precedence over a general statute. This principle is applicable when a conflict is found between two statutes which concern the same subject matter. (2A A. Sutherland, Statutory Construction §51.05 (4th ed. 1984).) Defendant believes that because both the armed violence charge and the aggravated kidnaping charge consist of exactly the same elements, a conflict exists between the two. However, we find that no such conflict exists. Rather, as we stated above, Illinois does not find offense in allowing prosecutor's discretion to choose which crime to charge under certain circumstances. (*McCollough*, 57 Ill. 2d 440, 313 N.E.2d 462.) For the reasons stated above, neither principle of statutory construction is applicable in the instant case.

Defendant further argues that the sentencing schemes are wholly irrational and arbitrary as a matter of constitutional law. This argument relates directly to the discretion given a prosecutor to choose between crimes in charging a defendant. This argument was directly addressed and rejected in *McCollough*. Defendant has presented no additional facts to require a different holding.

■ Finally, defendant argues his sentence was excessive because of his history of mental illness and physical injuries. Defendant points to several factors in his background which defendant asserts the court should have given weight to in order to arrive at a sentence. Instead,

the trial court found no mitigating factors and sentenced defendant to the maximum extended term for attempt (murder) and the maximum term for armed violence. Further, the court ordered the sentences to be consecutive.

Defendant had been hospitalized several times in mental health centers throughout his life. Reports showed a recurring theme of depression. He attempted suicide several times. He underwent a traumatic marital breakup. Also, he was diagnosed as having low intelligence, although not being retarded. At trial, a board-certified psychologist testified defendant suffered from a mental illness in which he was constantly depressed and functioning at a low energy level.

Also, defendant had several physical injuries. Defendant had been involved in a major accident while riding a motorcycle. He was "badly broken up," and he required plastic surgery as part of his treatment. Later, he was attacked by someone with a razor and badly cut.

The State responds by arguing the court considered all the evidence and properly determined that a harsh sentence was required in this case. The State argues defendant's actions showed a conscious endeavor to steal the victim's car and take her life. The evidence showed defendant abducted the woman by forcing her into her car and driving away. Defendant forced the young woman to buy gasoline for the car. Then he drove her to an isolated stretch of road. He inspected a ditch and made the remark that it was not deep enough. Defendant opted for a nearby barn, and marched the woman behind the building out of sight of the road. He then shot the woman once. While she lay on the ground, he approached and shot her again at point-blank range. The purpose for this violence, as his girlfriend testified, was for defendant to obtain a car to drive himself and his girlfriend to Denver.

The court found the presence of several aggravating factors. Defendant intended the harm he caused to the victim, and showed a "callous disregard for the life of another." Defendant had a prior criminal record. The court also found it likely the conduct could reoccur. The court noted the jury rejected defendant's claim of mental illness. The court agreed with the jury's assessment and found mental illness not to be a factor in mitigation. The court proceeded to impose an extended term for attempt (murder) based on defendant's brutal and heinous behavior, indicative of wanton cruelty. Finally, the court determined a consecutive sentence was appropriate in order to protect the public from further criminal conduct by defendant. The sentence of 30 years for armed violence was made consecutive to the 60

years for attempt (murder).

The trial court was in the best position for imposing an appropriate and just sentence. The court's determination is not to be overturned absent an abuse of discretion. (*People v. Steppan* (1985), 105 Ill. 2d 310, 323, 473 N.E.2d 1300, 1307.) The record in this case shows the court considered all of the evidence. In arriving at the sentence imposed on defendant, the court appropriately considered all of the statutory factors. We find no abuse of discretion in the sentence.

For the above reasons, the decision of the trial court of Woodford County is affirmed.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.