23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Lynn DORSEY, Petitioner-Appellant,
v.
James GREER, Respondent-Appellee.
 No. 92-2359.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1994.[1]
Decided May 9, 1994.
 
 Before FAIRCHILD, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner appeals from a district court order denying his petition for writ of habeas corpus. 28 U.S.C. Sec. 2254.
 
 
 2
 In 1978, Petitioner was convicted of the aggravated battery and attempted murder of his wife. The convictions were affirmed on direct appeal in People v. Dorsey, 109 Ill.App.3d 218, 440 N.E.2d 394 (1982), and the Illinois Supreme Court denied the petition for leave to appeal. A post-conviction petition was not successful, and petitioner filed an appeal with the Illinois Appellate Court, but later withdrew that appeal and filed this habeas action.
 
 
 3
 Respondent argues that petitioner's failure to continue to seek review of the denial of the post-conviction petition is a procedural default, barring federal habeas review. In this somewhat unusual situation, where petitioner exhausted his state remedies at least as to some issues, we have decided to consider the merits of the federal habeas claim.
 
 1. Indictment Faulty
 
 4
 Petitioner argues that the indictment failed to indicate that he used a fireplace poker to strike his wife. The record shows the indictment was amended before trial to include this fact, in accordance with Illinois law. People v. McKendrick, 138 Ill.App.3d 1018, 489 N.E.2d 1297 (1985); Ill.Rev.Stat., ch. 38, par. 111-5. Moreover, the original indictment was sufficient to permit petitioner to prepare a defense, since the use of a fireplace poker did not alter the elements of the crime. Cramer v. Fahner, 683 F.2d 1376, 1382 (7th Cir.1982). The requirements of due process were fulfilled; petitioner had adequate notice of the crime charged.
 
 2. Counsel of Choice
 
 5
 After being arrested for the aggravated battery and attempted murder of his wife, petitioner was released on a $2,000 bail deposit. Later, in an unrelated case, he was charged with aggravated arson and raised the $25,000 bond by selling the home he and his wife had shared. Petitioner was subsequently arrested for an unrelated murder and was unable to remain free on bond. In the meantime, a judge of the state domestic relations court permanently enjoined the clerk of the state circuit court from assigning, transferring, pledging or otherwise disposing of the $25,000 and $2,000 bail money, and ordered that the funds be held in escrow.
 
 
 6
 Petitioner now maintains that he was denied the right to counsel of choice when the state court refused to reverse the injunction forbidding the release of the bail bond money, which money petitioner would have used to hire counsel of choice. The state court had jurisdiction to adjudicate ownership of the bail bond money. A federal habeas court will not review the propriety of a state court's decision regarding state law. Jones v. Thieret, 846 F.2d 457, 460 (7th Cir.1988). The freezing of assets pending adjudication of ownership did not deprive petitioner of his federal constitutional right to counsel of choice. See United States v. Monsanto, 491 U.S. 600, 109 S.Ct. 2657, 2666 (1989).
 
 3. Sufficiency of Evidence
 
 7
 Petitioner argues that he was not proven guilty beyond a reasonable doubt. We will not grant habeas relief for insufficiency of evidence unless, viewing the evidence in a light most favorable to the prosecution, we find that no rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 8
 The evidence showed that defendant struck his wife with his fists about ten times; hit her on the head with a fireplace poker; kicked her down the basement stairs; and banged her head against the cement floor until she lost consciousness. Petitioner then waited 12 hours before seeking medical care for his wife. A nurse testified that a man who said his wife's name was Jane Dorsey telephoned the emergency room to say he was sending his wife to the hospital by ambulance and that "he had beat the hell out of her and pushed her down the stairs." When the police arrived at petitioner's home, they found his wife lying on a bed, nude and unconscious. A paramedic noted that the victim was covered with bruises and lacerations, and that defendant's hands were discolored and swollen.
 
 
 9
 At the hospital, the victim was found to be comatose, in severe shock, and in critical condition. She had suffered brain swelling; a collapsed lung; extreme bruising of the face, arms, hands, legs, chest and hips; and contusions and lacerations that had happened long before her arrival at the hospital. She required a craniectomy performed by a neurosurgeon due to paralysis on the right side of her body caused by a hematoma. A tracheotomy was also required. Over a month later, the victim regained consciousness. After 79 days of hospitalization, she was released to her parents, still paralyzed.
 
 
 10
 The defense presented evidence exploring whether the victim had ever owned a gun, committed adultery or threatened to kill petitioner. Petitioner himself then testified that he fought with his wife, struck her, she came at him firing a gun, he took the gun away and beat her, threw her down the stairs, knocked her out, then went to sleep. After a few hours, he woke up, put his wife in bed, and went back to sleep. He did not intend to kill his wife.
 
 
 11
 We conclude that, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find all the elements of the offense beyond a reasonable doubt. The district court properly denied habeas relief on this claim.
 
 4. Restriction of Cross-Examination
 
 12
 Petitioner contends that the trial court erred in restricting his cross-examination of the victim. Petitioner attempted to cross-examine his wife about a telephone call in November 1977, but was unable to show its relevance to the victim's testimony that petitioner threatened her and beat her in an attempt to make her sign a murder confession on April 1, 1978. There is nothing about this state evidentiary ruling which might create grounds for habeas relief. United States ex rel. Palmer v. DeRobertis, 738 F.2d 168 (7th Cir.1984).
 
 5. Supplemental Appeal Brief in State Court
 
 13
 Petitioner next maintains that the Illinois Appellate Court erred in refusing to consider his supplemental pro se brief. The state appellate defender representing petitioner in the direct appeal raised three issues. Petitioner does not contend that counsel was ineffective or that he asked counsel to include the additional issues raised in the pro se brief. We see no grounds for habeas relief.
 
 6. Inconsistent Verdicts
 
 14
 Petitioner argues that the verdicts of attempt murder and aggravated battery are inconsistent. Illinois law holds to the contrary, People v. Mority, 173 Ill.App.3d 498, 527 N.E.2d 1102 (1988), and we find no federal claim for which habeas relief will lie.
 
 7. Pro Se Co-Counsel Status
 
 15
 Petitioner contends that the state appellate court erred in denying him co-counsel status with appointed counsel on the appeal of his post-conviction petition. No right to counsel exists in post-conviction proceedings, Curtis v. Illinois, 521 F.2d 717 (7th Cir.1975), and alleged errors in post-conviction proceedings are not grounds for habeas review. Williams v. Missouri, 640 F.2d 140 (8th Cir.1981).
 
 
 16
 Accordingly, the judgment of the district court denying the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record